511 So.2d 397 (1987)
Charles Edward MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1893.
District Court of Appeal of Florida, Fourth District.
July 29, 1987.
As Amended on Rehearing September 2, 1987.
*398 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was arrested and charged with trafficking in cocaine and possession of marijuana in violation of section 893.135(1)(b)1. and section 893.13(1)(a)1., Florida Statutes (1983). A verdict of guilty was returned only for the trafficking charge, which he is here appealing.
Appellant was arrested and charged with violation of the above statutes when the car in which he was riding was stopped for driving on the wrong side of the road. A subsequent search of the car revealed the presence of a small black pouch in which a manila envelope containing marijuana and a plastic baggie containing cocaine were found. The pouch was found beneath the passenger's seat of the car.
The driver, who was also the owner of the car, testified that on the night of the arrest, he had been playing tennis and when he returned home, he found appellant there waiting for him. Appellant asked for a ride to his mother's house, a short distance away. It was during this short trip that the police stopped the car.
The state proceeded on the theory that the appellant had purchased the contraband from the driver of the car, because the police found $1,700 in the possession of the driver. At the close of the state's case, defense counsel moved for a judgment of acquittal, arguing that the state had failed to prove that the defendant "knowingly" possessed the contraband. The trial court denied this motion, and the jury returned a verdict of guilty on the trafficking charge.
Appellant raises two issues on appeal, both of which merit discussion. The first is whether the state sustained its burden of proving that appellant knowingly possessed the contraband which was found in the car in which he was a passenger.
The statute under which appellant was convicted provides that "[any] person ... who is knowingly in actual or constructive possession of, 28 grams ... of cocaine ... is guilty of a felony of the first degree, which felony shall be known as `trafficking in cocaine.'" § 893.135(1)(b), Florida Statutes (1983). The state argued that appellant was in constructive possession of the contraband and, therefore, knowledge can be inferred from circumstantial evidence.
*399 Proof of guilt based on constructive possession consists of three elements:
(1) the accused must have dominion and control over the contraband;
(2) he must have knowledge that the contraband is within his presence; and
(3) he must have knowledge of the illicit nature of the contraband.
Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).
Knowledge of the presence of contraband may be inferred if the accused is in the exclusive possession of the premises on which the contraband is found. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). If, however, the premises on which the contraband is found is in the possession of two or more jointly, knowledge of the presence of the contraband on the premises and the accused's ability to maintain control over it will not be inferred, but must be established by proof. Id. at 129. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises. Id.
The applicable standard of review of the denial of a motion for judgment of acquittal is to determine whether the jury may reasonably conclude that the evidence fails to exclude every reasonable hypothesis but that of guilt. Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982). The issue then becomes whether the state presented sufficient independent evidence establishing actual knowledge of the presence of contraband, or from which a jury might lawfully infer appellant's knowledge of the presence of the contraband, and whether this evidence is inconsistent with every reasonable hypothesis but that of guilt.
The state's argument that appellant's knowledge of the presence of the contraband can be lawfully inferred from the circumstantial evidence presented at trial that the driver had in his possession at the time of his arrest $1,700, and that $1,700 would purchase approximately one ounce of cocaine, which was the amount of cocaine found beneath the passenger's seat of the car is without merit.
As previously indicated, this court has consistently held that when contraband is found in a vehicle which is in the possession of two or more persons, circumstantial evidence of defendant's knowledge of the presence of the contraband must be consistent with the accused's guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980); Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978), D.J. v. State, 330 So.2d 35, 36 (Fla. 4th DCA 1976); Townsend v. State, 330 So.2d 513 (Fla. 4th DCA 1976).
There is no evidence, other than appellant's joint possession of the car for a short period of time that supports a finding of knowledge of the presence of the contraband. This evidence alone is not sufficient independent proof of appellant's knowledge from which a jury might reasonably conclude that every reasonable hypothesis except that of guilt has been excluded.
The second issue which appellant raises is whether the trial court erred in allowing the state to present testimony that the defendant never denied knowledge of the contraband after being arrested and in refusing to instruct the jury as to appellant's right to remain silent upon being arrested.
During direct examination of the driver of the vehicle, the following occurred: "Q.: Did you ever hear Mr. Murphy indicate to the police officer after he was placed under arrest that none of the contents in these two bags were his? A.: I didn't hear him say nothing like that."
Defense counsel's objection was overruled, and the question was again asked and answered. Appellant contends that this line of questioning by the prosecutor, and the prosecutor's subsequent comment during closing argument on this failure to deny ownership of the contraband, was a comment on the defendant's exercise of his *400 right to remain silent after his arrest and was constitutionally impermissible.
Our supreme court recently held that comments on a defendant's silence are subject to harmless error analysis. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). This places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, or that there is no reasonable possibility that the error contributed to the conviction. Id. at 1135. If the appellate court is unable to conclude beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Possession is an essential element of the crime with which appellant is charged. It, and each other element of the crime charged, must be proved beyond a reasonable doubt and cannot be established by the inference that appellant's failure to deny possession establishes an admission of possession. To allow the prosecutor to comment on three separate occasions that the defendant failed, upon his arrest, to deny possession of the contraband cannot be held to be harmless error when it involves this crucial element in the state's case. The error was compounded by the trial court's refusal to instruct the jury concerning appellant's constitutionally protected right to remain silent upon arrest.
Accordingly, the conviction is reversed and the case remanded with instructions to discharge appellant.
REVERSED and REMANDED.
HERSEY, C.J., and DOWNEY and GUNTHER, JJ., concur.