579 So.2d 364 (1991)
IN the INTEREST OF E.H., a Child.
No. 89-2333.
District Court of Appeal of Florida, Fourth District.
May 15, 1991.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
E.H., a minor, appeals his adjudication of delinquency and sentence for possession of cocaine. We reverse.
A police officer was dispatched to an area of suspected drug dealing where he witnessed two individuals inside a 1978 BMW conversing with three other individuals leaning inside the vehicle. The officer suspected a drug transaction and approached the vehicle. The three on foot fled at the sight of the approaching officer. The officer requested that the remaining two exit the vehicle and inquired about their activities. In response, appellant, who had been seated in the driver's seat, stated that they were there to buy "weed." The officer frisked both, finding a small quantity of marijuana on the passenger. Appellant told the officer that he owned the vehicle and gave the officer consent to search. The initial search revealed nothing. When backup arrived the second officer conducted a more thorough search. This search produced a rock of cocaine located between the driver's seat and the middle transmission tunnel, hidden from plain view. The first officer field tested the contraband and identified it as cocaine.
At the close of the state's case appellant moved for a judgment of acquittal based on the state's failure to prove constructive possession of the cocaine. The trial court denied the motion. Appellant then testified that the vehicle belonged to his father and that he originally claimed ownership thinking that the officer suspected the vehicle as being stolen. Appellant also testified that *365 he did not know of the presence of the cocaine. The trial court found appellant guilty of possession of cocaine.
Appellant raises two points on appeal. We need only discuss the first which we find dispositive. Appellant argues that the trial court erred when it denied his motion for judgment of acquittal since the state failed to prove in its case in chief that he had constructive possession of the contraband. We agree and reverse.
Where, as here, illegal contraband is found in a vehicle jointly occupied by two or more persons, the state has the burden to show constructive possession on the part of the accused. See Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987); see also Scott v. State, 559 So.2d 269 (Fla. 4th DCA 1990). Knowledge of the presence of the contraband is an essential element of constructive possession and will not be inferred from the accused's presence, but must be supported by proof. Murphy, supra. As this court stated in Murphy:
Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises.
Murphy, 511 So.2d at 399 (citing Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976)).
The circumstantial evidence relied upon in this case incriminates appellant only as to his knowledge of the marijuana found in the passenger's possession. The evidence consisted of: appellant's location in a high crime area, the fact he was seen speaking to three men who fled at the sight of the police, his statement that he and the passenger were there to buy "weed" and the cocaine found in the vehicle occupied by both appellant and the passenger. The record contains no direct or circumstantial evidence that would support a finding that appellant had possession of the cocaine or had knowledge of its presence. As stated in Murphy:
As previously indicated, this court has consistently held that when contraband is found in a vehicle which is in the possession of two or more persons, circumstantial evidence of defendant's knowledge of the presence of the contraband must be consistent with the accused's guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt.
Id. 511 So.2d at 399 (citations omitted). We hold that the state failed to present sufficient evidence to exclude every reasonable hypothesis of appellant's innocence. The evidence fails to exclude the possibility that the contraband belonged to the passenger, or that it had been discarded by one of the three men in their haste to avoid the police. We also hold that the circumstantial evidence relied upon fails to establish constructive possession. The absence of such evidence compels us to reverse appellant's conviction and to remand this cause to the trial court with instructions to grant appellant's motion for judgment of acquittal.
REVERSED and REMANDED.
ANSTEAD and GUNTHER, JJ., concur.