589 So.2d 407 (1991)
Jose L. CORDERO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-81.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
*408 Jerri A. Blair of Blair & Cooney, Tavares, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment and sentence, appellant having been convicted of trafficking in cocaine and possession of marijuana in an amount of less than twenty grams. We affirm in part and reverse in part, finding that the trial court should have granted appellant's motion for a judgment of acquittal as to the cocaine charge.
Officers Shane Toler and Paul Cutcher of the Leesburg Police Department were on duty and were standing outside of their vehicles at a traffic light on State Road 27 in Leesburg, Florida at about 9:15 p.m. A blue-black Cadillac driven by and owned by Gilberto Valdez pulled up at the traffic light. Officer Cutcher observed water in one taillight and told Officer Toler to stop the car on that basis. The taillights were not inoperative. Although Toler initially thought the tag light was dim, it was not inoperative.
Officer Toler stopped the vehicle, and Officer Cutcher then arrived at the scene. Officer Toler issued a correction card to Gilberto Valdez, and then asked if he could search the vehicle. Valdez signed a Consent to Search Form. Appellant, a passenger in the front passenger seat of Valdez's vehicle, got out of the car when asked to do so. A bag containing cocaine was found underneath the passenger seat between the transmission tunnel and the seat. A bag containing marijuana was found on a console between the passenger and driver's seats.
Appellant first argues that the trial court erred by denying his motion to suppress the cocaine and marijuana seized during the stop. The trial court found the stop to be valid. Neither officer indicated that anything they saw raised a belief of criminal activity. In Kehoe v. State, 521 So.2d 1094 (Fla. 1988), the Supreme Court of Florida held that the appropriate analysis in determining whether a traffic stop is valid or pretextual is whether a reasonable officer would have stopped the car absent an additional invalid purpose. The subjective intent of the police officers is not controlling. Officer Cutcher testified he had stopped two cars before where the taillights *409 were burned out due to a similar problem and one car with "water in the taillights" where the taillights were not burned out. Appellant asserts that the stop by Officers Cutcher and Toler is similar to the stop this court held pretextual by us in Monroe v. State, 543 So.2d 298, 299 (Fla. 5th DCA 1989). In that case, we rejected the explanation given by the officers for the traffic stop that one of the car's tires was bald. Appellant argues that the state in the instant case made no showing that "water in the taillight" was a traffic infraction for which "a reasonable officer ... would have made a traffic stop ... absent another invalid purpose." Monroe 543 So.2d at 299. This is an interesting question. We find, however, that appellate review of this question has been waived because defense counsel below not only failed to object but specifically stated that she had no objection to the admission of the contraband. McKelton v. State, 528 So.2d 123 (Fla. 5th DCA 1988); Baglio v. State, 467 So.2d 1030 (Fla. 4th DCA 1985); Bonham v. State, 450 So.2d 269 (Fla. 3d DCA 1984); Gilling v. State, 443 So.2d 1024 (Fla. 5th DCA 1983).
We do agree with appellant, however, that the trial court erred in denying his motion for a judgment of acquittal as to the trafficking in cocaine charge. To establish constructive possession, the state must establish that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband. Brown v. State, 428 So.2d 250, 252 (Fla.), cert. den., 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), quoting Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). If the premises where the contraband is found is in joint rather than exclusive possession of a defendant, knowledge of the contraband's presence and the ability to control it will not be inferred from the accused's presence but must be established by independent proof. In re E.H., 579 So.2d 364 (Fla. 4th DCA 1991); Brown; Wale; Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). In Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987), the court stated:
Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises.
Murphy, 511 So.2d at 399, citing Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976).
The state argues that it had demonstrated below "circumstances from which the jury could have lawfully inferred the requisite knowledge and ability to maintain control" of the cocaine on the part of appellant. We disagree. Officer Toler, searching the Valdez vehicle, discovered the white plastic bag containing the cocaine under the passenger seat between the seat and the transmission tunnel. While appellant, sitting in the passenger seat, might have seen the bag if he looked for it or reached under the seat for it, this does not support a finding that appellant had knowledge of the presence of the cocaine or at any time controlled it. No fingerprints were found on the cocaine bag. While the state notes that the cocaine bag was located near where appellant's feet would have been, we find this argument merely illustrates that the state has failed to demonstrate "circumstances other than the mere location of the substance" from which the jury might lawfully infer appellant's knowledge of the presence of the cocaine. Murphy, 511 So.2d at 399 (emphasis added).
We find the trial court properly denied appellant's motion as to the possession of marijuana charge. The marijuana bag was in plain view on the center console in the Valdez vehicle. There was a small piece of a marijuana cigarette in the bag. Appellant had rolling papers on his person. The evidence was sufficient to raise a jury question on the issue of whether appellant had control and knowledge of the marijuana. Jordan v. State, 548 So.2d 737 (Fla. 4th DCA 1987); Brown, 428 So.2d at 252.
We reverse appellant's conviction and remand this cause to the trial court with *410 instructions to discharge appellant on the trafficking in cocaine charge.
AFFIRMED in part; REVERSED in part, and REMANDED.
W. SHARP and COWART, JJ., concur.