609 So.2d 716 (1992)
Kerry Lance SKELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03581.
District Court of Appeal of Florida, Second District.
December 2, 1992.
James Marion Moorman, Public Defender, Bartow, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
We reverse the conviction of Kerry Lance Skelton for possession of cocaine and direct his discharge because there was insufficient evidence that he possessed cocaine.
The following evidence was offered at trial. Police officers stopped the car in which Skelton was a passenger. The officer ordered Skelton to exit the car. The officer found a plastic baggie containing cocaine residue partially hidden under the passenger seat near where Skelton's feet had been. The officers arrested Skelton for possession of cocaine. At the conclusion of this evidence, Skelton moved for a judgment of acquittal, arguing that the state presented insufficient evidence to prove possession. The trial judge denied the motion and, as the trier of fact, found him guilty.
Skelton did not have actual possession of the cocaine. In order to prove guilt based on constructive possession, the state must show that the accused had dominion and control over the contraband, *717 had knowledge that the contraband was within his presence, and had knowledge of the illicit nature of the contraband. Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). When the contraband is found at a place jointly occupied by two or more persons, knowledge of the presence of the contraband and the accused's ability to maintain control over it will not be inferred and must be established by proof. Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987). The state must prove either that the accused had actual knowledge of the presence of the contraband or present incriminating statements and circumstances from which a trier of fact lawfully might infer knowledge by the accused of the presence of the contraband. Murphy. Mere proximity to contraband is insufficient to establish constructive possession. Lewis v. State, 570 So.2d 346 (Fla. 2d DCA 1990).
The only evidence the state presented in this case was Skelton's proximity to the contraband. We conclude that the evidence was insufficient to prove that he possessed the cocaine. The case of Cordero v. State, 589 So.2d 407 (Fla. 5th DCA 1991) is factually similar. In Cordero officers stopped a vehicle in which Cordero was the front seat passenger. When Cordero exited the car, the officer found a bag containing cocaine underneath the passenger seat between the transmission tunnel and the seat. The Fifth District concluded that this evidence was insufficient to support a finding that Cordero had knowledge of the presence of the cocaine or at any time controlled it even though the cocaine bag was located near where Cordero's feet had been.
In further support of our holding are the cases where there was more evidence than that presented in the instant case in which the courts found that there was insufficient evidence. See, e.g., Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976) (bag containing marijuana found in close proximity to defendant; pipe on console between automobile's bucket seats; two roaches and a roach clip in the automobile ashtray; and the odor of marijuana); D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976) (odor of burning marijuana; half burned marijuana cigarette on floor next to appellant; another half burned marijuana cigarette on the floor by the driver's seat; marijuana cigarette in ashtray; marijuana cigarette in glove compartment; and numerous marijuana seeds in the driver's seat and on the console between the two front bucket seats).
We reverse and remand this case with directions to the trial court to discharge Skelton.
THREADGILL, A.C.J., and BLUE, J., concur.