PER CURIAM.
Donovan Anthony Reid appeals from judgments of conviction and sentences for attempted first degree murder, robbery, and possession of a controlled substance. For the following reasons, we affirm in part, reverse in part, and remand for resen-tencing.
We find no error in the trial court’s conduct of the jury selection process, and no abuse of discretion in its evidentiary rulings. Likewise, we find no error in the denial of motions for mistrial. Accordingly, we affirm the convictions for attempted first degree murder and robbery.
However, the trial court erred in denying defendant’s motion for a directed verdict on the charge of possession of a controlled substance. The circumstantial evidence upon which the conviction was based was insufficient to support the conviction, and did not exclude every reasonable hypothesis of innocence. See Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987) (where contraband found in vehicle which is in possession of two or more persons, circumstantial evidence of defendant’s knowledge must be consistent with accused’s guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt). Accordingly, we reverse the conviction for possession of a controlled substance.
Having reversed defendant’s conviction for possession of a controlled substance, we must remand for resentencing. Defendant has also appealed the trial court’s scoring of the victim’s injury for sentencing purposes as “moderate,” and argues that the degree of injury was only “slight.” We are not able to discern from the record the exact nature of the victim’s injuries, and direct the trial court upon remand to revisit this issue and make findings sufficient to support its determination, and to resentence the defendant accordingly.
Affirmed in part; reversed in part; remanded with directions.