657 So.2d 1252 (1995)
S.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04081.
District Court of Appeal of Florida, Second District.
July 12, 1995.
Geoffrey A. Foster, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Acting Chief Judge.
S.B. appeals an adjudication of delinquency arising from his alleged possession of marijuana. We reverse because the state failed to prove that the marijuana was in S.B.'s constructive possession.
Shortly after midnight on Sunday, May 9, 1993, a Sarasota police officer stopped a car because one of its tail lights was not working. S.B. was one of several passengers in the car. After giving the driver a ticket for the equipment violation, the officer obtained permission to search the car for weapons.[1] While *1253 searching the car with the assistance of a dog trained in narcotics detection, the officer located a plastic grocery bag in the trunk. Inside the bag, the officer found articles of clothing and a small green container imprinted with an Adventure Island logo. Inside the container, the officer found a small quantity of marijuana. The officer asked who owned the bag, but did not ask who owned the container. S.B. admitted that he owned the bag.
At the adjudicatory hearing, the state presented evidence from only the arresting officer. After the trial court denied a motion for judgment of dismissal, S.B. testified that the stop occurred while several teenagers were coming home from Adventure Island. S.B. admitted that he owned the bag and some wet clothing inside the bag, including a shirt. He denied that a second shirt or the small container belonged to him or that he had seen the container before the officer removed it from his bag. He had not purchased the container at Adventure Island, but believed another member of the group must have purchased the container.
This is a close case. In Gartrell v. State, 626 So.2d 1364 (Fla. 1993), the supreme court affirmed a conviction where a passenger in an automobile had marijuana and cocaine in her purse. The passenger was one of several people in the car, and she maintained the drugs had been placed in her purse by another occupant. In that case, however, the purse was in the passenger compartment and was behind the defendant's head at the time of the stop. There was evidence of two different illegal drugs in at least two different compartments of the purse. The supreme court analyzed the case as one of actual possession.
In Skelton v. State, 609 So.2d 716 (Fla. 2d DCA 1992), an officer stopped a car and found a plastic bag containing cocaine under a passenger's seat. This court reversed the conviction because the state failed to prove that the passenger had actual possession of the illegal drugs or that he had constructive possession. Likewise, in In re E.H., 579 So.2d 364 (Fla. 4th DCA 1991), the Fourth District reversed a similar delinquency adjudication where the state failed to prove that a small quantity of cocaine was in the juvenile's constructive possession when a car was occupied by two people.
We conclude that this case must be analyzed as a constructive possession case because the grocery bag was in the trunk of the vehicle and accessible to all of the occupants. To establish constructive possession, the state must prove three elements: (1) the accused's dominion and control over the contraband; (2) the accused's knowledge that the contraband is within his or her presence; and (3) the accused's knowledge of the illicit nature of the contraband. Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987). Because the plastic bag in this case had been accessible to several people, knowledge of the presence of the contraband and the accused's ability to maintain control over it may not be inferred, and must be established by independent proof. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Murphy, 511 So.2d at 399.
Beyond the mere location of the marijuana, the state relies upon S.B.'s admission that he owned the grocery bag to establish constructive possession. Unfortunately, the officer never asked if S.B. owned the container, did not inventory the contents of the bag, and did not obtain fingerprints from the container. There is only circumstantial evidence to find that S.B. knew that the container was in his presence and that it contained a small quantity of marijuana. The case is distinguishable from circumstances in which the quantity of drugs is sizable or where the drugs create an odor throughout the automobile. See Emile F. Short, Annotation, Conviction Of Possession Of Illicit Drugs Found In Automobile Of Which Defendant Was Not Sole Occupant, 57 A.L.R.3d 1319, § 16 (1974). We recognize that the state is not required to rebut conclusively every possible variation of events that could be inferred from circumstantial evidence, but the state is obligated to present evidence which is inconsistent with the defendant's theory of events. State v. Law, 559 So.2d 187 (Fla. 1989). In this case, the state's limited evidence was not inconsistent with *1254 the theory of events presented by S.B.'s testimony.
Reversed and remanded.
BLUE and FULMER, JJ., concur.
NOTES
[1] S.B. does not challenge either the search or the seizure in this appeal.