666 So.2d 1001 (1996)
T.W., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-390.
District Court of Appeal of Florida, Fifth District.
January 19, 1996.
*1002 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
T.W. appeals her judgment of guilt of possession of a controlled substance. She contends that there was insufficient evidence to show she had constructive possession of the controlled substance. We agree and reverse.
According to the answer brief, the hearing was recorded on audiotape but could not be transcribed because it was unintelligible. Unfortunately, this is a common occurrence and is disturbing in this age of technology. The court and the attorneys therefore entered a "Stipulated Reconstruction of the Record" that provides: during a legal traffic stop, the driver/owner of the car was found to have money and marijuana. The driver also dropped a small packet of cocaine near the car. T.W., the passenger, was found to have $900 in her pants and marijuana in her purse. (The trial court later suppressed the controlled substance found in her purse.) After an extensive search a deputy found a folded-up dollar bill which had cocaine residue on it. The bill was found in the space between the transmission hump and the side of the passenger seat of the auto in which T.W. had been riding. T.W. was found guilty of possession of this residue although no evidence existed indicating that it was hers or that she had knowledge of its presence.
Because the dollar bill was accessible to both occupants of the car, this case must be analyzed as a constructive possession case. S.B. v. State, 657 So.2d 1252 (Fla. 2d DCA 1995). To prove constructive possession, the state must prove three elements: (1) the accused's dominion and control over the contraband, (2) the accused's knowledge that the contraband is within his or her presence; and (3) the accused's knowledge of the illicit nature of the contraband. Id. Knowledge of the contraband's presence in a constructive possession case cannot be inferred from the accused's presence but must be established by independent proof. In Interest of E.H., 579 So.2d 364, 365 (Fla. 4th DCA 1991).
In the instant case, independent proof of T.W.'s knowledge of the presence of the cocaine residue was not established; therefore, the court's finding that T.W. was guilty of possession of a controlled substance must be reversed.
REVERSED.
PETERSON, C.J., W. SHARP and GRIFFIN, JJ., concur.