736 So.2d 133 (1999)
Harold Lee HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3390.
District Court of Appeal of Florida, First District.
June 30, 1999.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant challenges his conviction for possession of cocaine. Because the evidence at trial was insufficient to prove his constructive possession of the cocaine, we reverse the conviction.
The appellant was accompanied by one front-seat passenger as he drove an automobile. After the automobile was lawfully stopped and searched by police officers who found cocaine inside a bag just barely underneath the front seat on the driver's side, the appellant was charged with possession of cocaine. The prosecution theory at trial was that the cocaine had been within the appellant's constructive possession because it was only partially concealed underneath the seat and was directly beneath where the appellant had been sitting while driving the automobile.
The appellant argued in his motion for judgment of acquittal at trial and also argues on appeal that the prosecution did not present sufficient evidence for the jury to find his constructive possession of the cocaine. To establish the appellant's constructive possession of the cocaine, the prosecution was required to present legally *134 sufficient evidence that the appellant had (1) dominion and control over the cocaine; (2) knowledge that the contraband was within his presence; and (3) knowledge of the illicit nature of the substance. See, e.g., Harris v. State, 647 So.2d 206 (Fla. 1st DCA 1994).
Although the appellee acknowledges that mere proximity to contraband when a defendant is not in exclusive possession of the area is insufficient to demonstrate the necessary dominion and control and is not evidence inconsistent with innocence, see Moffatt v. State, 583 So.2d 779 (Fla. 1st DCA 1991), the appellee nonetheless asserts that the evidence was sufficient in the present case. We disagree.
In Skelton v. State, 609 So.2d 716 (Fla. 2d DCA 1992), the court reversed a drug conviction under circumstances very similar to those in the present case. In Skelton, drugs were found partially concealed under the passenger seat of the automobile in which Skelton was the passenger. Similarly, in Cordero v. State, 589 So.2d 407 (Fla. 5th DCA 1991), the court found insufficient evidence of constructive possession by the passenger of a vehicle in which cocaine was found underneath the passenger seat between the seat and transmission tunnel. The court explained:
While appellant, sitting in the passenger seat, might have seen the bag if he looked for it or reached under the seat for it, this does not support a finding that appellant had knowledge of the presence of the cocaine or at any time controlled it. No fingerprints were found on the cocaine bag. While the state notes that the cocaine bag was located near where appellant's feet would have been, we find this argument merely illustrates that the state has failed to demonstrate "circumstances other than the mere location of the substance" from which the jury might lawfully infer appellant's knowledge of the presence of cocaine.
Id. at 409 (citation omitted).
In addition to the appellant's proximity to the bag containing the cocaine, the only additional fact the appellee can cite to demonstrate the appellant's requisite knowledge is that the appellant was nervous when he exited the automobile. But the appellant's nervousness does not provide a legally sufficient nexus between the appellant and the cocaine because his nervousness could be attributed to the fact that he had been stopped for speeding. See Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995).
Because the state failed to present sufficient evidence of constructive possession, the trial court erred in denying the appellant's motion for judgment of acquittal. We accordingly reverse the conviction and remand this case with directions that the appellant be discharged.
LAWRENCE and BENTON, JJ., CONCUR.