746 So.2d 1250 (1999)
Joel SIERRA, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2176.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
*1251 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant was tried and convicted for trafficking in 200 grams or more of cocaine and possession of drug paraphernalia. He raises four points on appeal, but because we agree that the trial court erred in not granting his motion for judgment of acquittal, it is not necessary to discuss the remaining issues.
In the late evening of October 30, 1997, Deputy Cheryl Kish of the Osceola County Sheriff's Department was patrolling on Osceola Parkway when a white Nissan Maxima caught her attention; the businesses in the area were closed at that time of night, yet the Maxima slowed and made a right turn into a business/warehouse complex. There had been some burglaries in that area, and she felt that no one should have been in that business complex at that time of night. Kish made a u-turn and pulled into the complex where the Maxima had gone.
By this time the Maxima had turned behind the first row of buildings, and Kish lost sight of it for about 15 seconds. She then discovered the Maxima parked next to the complex. Kish did not see anyone around the parked Maxima, and she pulled in behind it and got out of her car. No one was in the Maxima, but the driver's side window was down, the keys were in the ignition, the stereo was playing, and the hood was warm.[1] At the same time Kish put her hand on the hood, she saw an orange garage door coming down, concealing a pair of feet entering one of the warehouses.
By then, a backup unit had arrived, and Kish went to see if anyone was coming out of the front of the building. She backed her car out and drove to the front; about 20 seconds had passed to that point. At the front of the building, Kish saw Sierra standing 3-4 feet from the entrance of the L & C Detail Shop. When Kish came around the corner, Sierra started walking away. Kish asked Sierra to approach her, which he did. While Sierra was being detained, another officer, thinking he heard sounds emanating from the building, was able to raise the garage door, and sent a K-9 unit in to investigate. Meanwhile, Kish entered the building from the front door and went to the rear, where she observed a black nylon duffel bag. Sierra was searched, and while he carried $1195 in cash, no drugs were found on his person. No drugs were found in the Maxima, although Sierra's fingerprints were found in the car, along with other prints which were not his.
Kish acknowledged that she did not know how many people were in the Maxima when she first observed it, and she did not see Sierra in the Maxima or in the building. She never saw Sierra any closer to the building than three or four feet. At the time noises were heard inside the building, Sierra was either with the other officers or in the patrol car.
*1252 No one was found in the building. The K-9 unit alerted on a refrigerator, and when it was opened, a deputy found a clear plastic bag with a white substance in it, which later tested to be cocaine. After a search warrant had been obtained, another plastic bag containing what later proved to be cocaine was found behind a couch cushion. No fingerprints were detected on the refrigerator, nor were any of Sierra's prints found on the bags which contained the cocaine. His prints were found on a plastic measuring cup and on an empty roll of baggies, both of which were found in the duffel bag. When the state rested, the defense offered no evidence and moved for a judgment of acquittal, which was denied.
In order to prove a defendant guilty of trafficking by possession, it must be established that the defendant was either in actual or constructive possession of the contraband. There is no evidence of actual possession here. In order to prove constructive possession, the state must prove that the accused had dominion and control over the contraband, that he had knowledge that the contraband is in his presence, and that he had knowledge of the illicit nature of the contraband. Jordan v. State, 548 So.2d 737 (Fla. 4th DCA 1989); Corson v. State, 527 So.2d 928 (Fla. 5th DCA 1988).
The state did not establish that Sierra had exclusive possession of the warehouse where the drugs were found. In fact, there was no evidence that Sierra had any possessory interest in either the warehouse or whatever business may have been conducted therein. Where the premises on which the contraband is found is not in the exclusive possession of a defendant, knowledge of the presence of the contraband on the premises and the accused's ability to maintain control over it will not be inferred, but must be established by independent proof. Mere proximity to contraband is not sufficient to establish constructive possession. Dupree v. State, 705 So.2d 90 (Fla. 4th DCA), cause dismissed, 725 So.2d 1107 (Fla. 1998).
Arguably, the evidence may show Sierra's presence in the warehouse at the time in question, although no one saw him enter or leave. However, his mere presence on the premises is not sufficient to prove that he knew the contraband was there, much less that he had constructive possession of it. Neither the measuring cup nor the unused plastic baggies where his fingerprints were found had any traces of cocaine or other illicit substance. Under this scenario, the most that could be said was that he was present on the premises where cocaine was found. That evidence alone will not support a conviction. See Wallace v. State, 553 So.2d 777 (Fla. 4th DCA 1989); Herrera v. State, 532 So.2d 54 (Fla. 3d DCA 1988).
The judgment of conviction is reversed and the cause is remanded with directions to discharge the appellant.
REVERSED.
ANTOON, C.J., THOMPSON, J. and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Another deputy testified that the motor was running.