787 So.2d 236 (2001)
K.L., a minor, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4241.
District Court of Appeal of Florida, Second District.
May 23, 2001.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Chief Judge.
K.L. appeals from the trial court's order which adjudicates him to be a delinquent *237 child and imposes community control for possession of marijuana. He argues that the State failed to prove that he possessed marijuana. We agree and reverse.
On February 7, 1999, Officer Seeley of the Temple Terrace Police Department responded to a complaint of suspicious persons and vehicles on utility company property. He found eight persons, including K.L., gathered around or in the backseat of a car parked under some power lines. K.L. was standing near the driver's side window. Another car was parked nearby. As Seeley approached, he smelled the strong odor of burnt marijuana. Backup units arrived, and police officers searched the persons and the cars. Marijuana was found on one individual, and a baggie containing seven grams of marijuana was found between the driver's door and the driver's seat of the vehicle nearest K.L. Seeley did not determine which individuals had been the occupants of either vehicle. After Seeley gave K.L. Miranda[1] warnings, K.L. admitted that he had "chipped in" to purchase the marijuana but did not know who had made the purchase. K.L. made no further admissions.
At trial, the State offered no evidence that K.L. was in actual possession of marijuana. The circumstances show that K.L. was in the vicinity of marijuana that someone else had purchased and nothing more. The fact that he "chipped in" on the purchase is insufficient, in and of itself, to establish constructive possession. When contraband is found in a common area, knowledge of the contraband and the accused's ability to control it will not be inferred but must be proven. Skelton v. State, 609 So.2d 716 (Fla. 2d DCA 1992). To establish constructive possession, the State must prove that the accused knew of the presence of the drug, knew of the illicit nature of the drug and had dominion or control over it. Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991). Because the State failed in its proof, the trial court erred in denying K.L.'s motion for judgment of dismissal.
Reversed.
THREADGILL and BLUE, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).