STRINGER, Judge.
C.M. challenges a delinquency adjudication for possession of marijuana. We reverse because the State failed to produce sufficient evidence of constructive possession.
On December 6, 1999, Officer William Jordan of the Tampa Police Department was on patrol, traveling southbound on North Armenia Avenue. He was behind an Oldsmobile sedan, and when the driver of the Oldsmobile failed to stop at a stop sign, Officer Jordan activated his lights in order to initiate a traffic stop. Before the Oldsmobile came to a complete stop, Officer Jordan saw something “fly” from a *555 passenger-side window. Officer Jordan could not tell whether the object came from the front or rear passenger-side window. Another officer subsequently retrieved a marijuana cigar[1] believed to be the object thrown from the window, but none of the occupants of the car were charged with possession of the marijuana cigar because, in Officer Jordan’s words, they “weren’t able to decide who it belonged to.”
When he approached the vehicle, Officer Jordan noted a smokey haze inside the car, accompanied by the strong scent of marijuana. C.M. was a passenger in the front seat, and there was another passenger seated in the rear. All three occupants were ordered out of the car and each smelled of marijuana. Upon searching the car, Officer Jordan found a baggie which contained what he believed to be marijuana concealed beneath the floor mat where C.M. had been sitting. Officer Jordan performed a field test on the contents, and the results confirmed his suspicion. C.M. denied knowing that the baggie was beneath the floor mat but admitted smoking a tobacco cigarette while the other two occupants passed marijuana back and forth. C.M.’s motions to dismiss the delinquency petition were denied by the trial court, and he was adjudicated delinquent for possession of marijuana and ordered to complete a level 4 program.
In order to carry its burden of proof in this constructive possession case, the State must have produced evidence to establish that C.M. knew of the presence of the marijuana, knew of its illicit nature, and had the ability to exercise control over it. K.L. v. State, 787 So.2d 236 (Fla. 2d DCA 2001). The State maintains that C.M.’s knowledge of the contraband can be inferred from circumstantial evidence which established that Officer Jordan observed a marijuana cigar being thrown from a passenger window, that the car was filled' with marijuana smoke, and that all three boys smelled of burnt marijuana when they stepped out of the car. We conclude that this circumstantial evidence was insufficient to establish that C.M. knew of the marijuana beneath the floor mat.
In Skelton v. State, 609 So.2d 716, 717 (Fla. 2d DCA 1992), this court held that when contraband is found in a space occupied by two or more persons, the State must “prove either that the accused had actual knowledge of the presence of the contraband or present incriminating statements and circumstances 'from which a trier of fact lawfully might infer knowledge by the accused of the presence of the contraband.” In Skelton, law enforcement officers stopped the vehicle in which Skel-ton was a passenger. After Skelton was ordered out of the car, officers found a plastic baggie containing cocaine residue partially hidden under the passenger seat where Skelton had been seated. Skelton was tried for possession of cocaine and moved for a judgment of acquittal at the close of the State’s case, 'arguing that it had failed to produce sufficient evidence of constructive possession. Id. The State presented no evidence of constructive possession, other than Skelton’s proximity to the contraband, and this court reversed the conviction.
We maintain the position that in some cases a defendant’s knowledge of contraband may be inferred from circumstantial evidence. However, we have consistently required more circumstantial proof of knowledge than was presented in the present case. See, e.g., Downard v. State, 793 So.2d 83 (Fla. 2d DCA 2001) *556 (reversing conviction for cocaine possession where State failed to present evidence linking the defendant to cocaine found “only four inches” from the driver’s seat in jointly-occupied vehicle driven by the defendant); Cruz v. State, 744 So.2d 568 (Fla. 2d DCA 1999) (reversing conviction for possession of cocaine — pipe residue— where crack pipe was found four or five inches from the gas pedal of the car the defendant was driving because it was also occupied by a passenger). These cases make clear that the element of knowledge may not be circumstantially established by the defendant’s proximity to the contraband. The presence of marijuana smoke has likewise been deemed insufficient proof of the knowledge element of constructive possession in a group setting. See, e.g., Zandate v. State, 779 So.2d 476 (Fla. 2d DCA 2000) (finding insufficient probable cause to arrest defendant for possession of marijuana found in the ashtray of a jointly occupied vehicle which smelled of burnt marijuana). The final circumstance which might potentially establish C.M.’s knowledge of the contraband in this case is the marijuana cigar which was thrown from the vehicle prior to the traffic stop. However, the car was occupied by three boys, and while Officer Jordan identified C.M. as the front-seat passenger, he could not confirm that the marijuana cigar came from C.M. or from C.M.’s window. Under these facts, affirming C.M.’s delinquency adjudication would be inconsistent with this court’s prior rulings in similar cases. We must, therefore, reverse.
Reversed.
PARKER and CASANUEVA, JJ., Concur.

. The object was a cigar that had been hollowed out and filled with marijuana.