817 So.2d 935 (2002)
Stephen S. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-920.
District Court of Appeal of Florida, Fifth District.
May 17, 2002.
*936 Janice C. Orr, Esquire, Eustis, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Stephen S. King appeals an order revoking his probation and sentencing him to a total of ten years in prison. Because the evidence was insufficient to support the revocation of probation, we reverse.
In the original criminal proceedings which led to the imposition of probation, King pled nolo contendere to possession of cocaine, resisting arrest without violence, and felony driving while license suspended. His probation orders contained standard condition five, which provides: "You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation/community control period."
On the day of the alleged violation, Detective John Batchelor and another plainclothes officer were driving in an unmarked car through an apartment complex in Mt. Dora at approximately 10:00 p.m. when they saw King standing near a vehicle. Detective Batchelor testified that King acknowledged them by waving, which he took to mean that King was "acknowledging [them] in reference to selling narcotics." Before talking to King, the officers contacted Sergeant Robert Bell who was operating a marked patrol unit nearby, and advised him that they were going to investigate the possible sale of narcotics. When they returned to where King was standing, Detective Batchelor asked King if "he was good for any weed," and King told them to park the car and talk to him. They did so, and Detective Batchelor again asked King about marijuana. About this time, Sergeant Bell arrived and placed King in handcuffs because he appeared to get "a little antsy as if he was going to take flight," although Detective Batchelor *937 testified that King was not then under arrest. A pat down of King revealed no contraband, but a small baggy of marijuana was found on the ground near King's feet. The officers then arrested King for possession of marijuana with intent to distribute, which formed the basis of his alleged condition five violation.
To revoke a defendant's probation, the State must prove by a preponderance of the evidence that the defendant willfully violated a substantial condition of his probation. Schneck v. State, 764 So.2d 898, 900 (Fla. 5th DCA 2000). The evidence upon which to predicate a revocation of probation must be sufficient to satisfy the conscience of the court that a condition of probation has been violated. Bernhardt v. State, 288 So.2d 490, 495 (Fla.1974).
Because King did not have actual, physical possession of the marijuana, the State was required to prove that King constructively possessed it. Scruggs v. State, 785 So.2d 605, 607 (Fla. 4th DCA 2001). To establish constructive possession, the State must show that the accused had dominion and control over the contraband, knew the contraband was in his presence, and knew of the illicit nature of the substance. See Brown v. State, 428 So.2d 250, 252 (Fla.1983); see also State v. Wallace, 734 So.2d 1126, 1129 (Fla. 3d DCA 1999).
Here, the evidence was wholly insufficient to demonstrate that King had dominion and control over the contraband or knowledge of its presence. No fingerprints were found on the baggy located near his feet; no drugs were discovered on his person; no one saw King discard the bag; and, King did not make any incriminating statements indicating his knowledge of it. Significantly, the baggy was found in a public place. When contraband is found in a public place, more than mere proximity to the defendant must be shown to sustain a conviction. Davis v. State, 761 So.2d 1154, 1159 (Fla. 2d DCA 2000).
As the evidence failed to establish more than King's proximity to the marijuana, the State failed to establish constructive possession of the contraband, and, consequently failed to prove by a preponderance of the evidence that King violated condition five of his probation.
Accordingly, we reverse and remand with instructions to reinstate King's probation.
REVERSED AND REMANDED.
THOMPSON, C.J. and COBB, J., concur.