816 So.2d 1228 (2002)
J.A.C., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3669.
District Court of Appeal of Florida, Fifth District.
May 31, 2002.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
J.A.C. was the passenger in a car stopped by an officer for a traffic infraction. The officer noted the odor of marijuana and that the driver's eyes were glassy and bloodshot. Pursuant to the driver's consent, the officer searched the car. The officer found marijuana residue strewn throughout the car and a bag containing marijuana residue under the driver's seat. In an ash tray on the front passenger's door, next to which J.A.C. had been sitting, the officer found a "small marijuana roach cigar butt." J.A.C. was charged with possession of the marijuana found in the ash tray.
Since J.A.C. was not in actual possession of the marijuana, the state had *1229 to prove constructive possession. To do so, the state had to prove that J.A.C. (1) had dominion and control over the contraband, (2) knew the contraband was in his presence and (3) knew of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla.1983). If the possession is non-exclusive, as it is here, knowledge of the presence of the contraband and the ability to control it cannot be inferred, but must be established by independent proof. Chicone v. State, 684 So.2d 736 (Fla.1996); Brown. Mere proximity to contraband is insufficient. Sierra v. State, 746 So.2d 1250 (Fla. 5th DCA 1999). The presence of marijuana smoke has been deemed insufficient proof of the knowledge element in a group setting. C.M. v. State, 818 So.2d 554 (Fla. 2d DCA 2002) (citing Zandate v. State 779 So.2d 476 (Fla. 2d DCA 2000).)
C.M. is instructive. While initiating a traffic stop, the officer saw what was later determined to be a marijuana cigar tossed from the window of the vehicle. The officer could not tell from which window the cigar was thrown, so none of the three occupants of the vehicle were charged with possession of that marijuana. On approaching the vehicle, the officer noticed a smoky haze in the interior of the vehicle. The occupants were ordered out of the vehicle, and each occupant smelled of marijuana. The officer found a bag of marijuana under the floor mat located beneath the seat where the defendant had been seated. On appeal, the court held that the circumstantial evidence was insufficient to establish that the defendant knew of the marijuana beneath the floor mat.
In the instant case, the fact that a partly consumed marijuana cigar was found in the ash tray next to the passenger seat, coupled with the fact that the officer smelled burnt marijuana might suggest that J.A.C. had been smoking marijuana, but there was no evidence, such as testimony that the cigar was warm to the touch, or that J.A.C.'s eyes were glassy, to show that J.A.C. had been smoking marijuana or that the cigar found in the ashtray produced the odor detected by the officer. Indeed, the officer did not remember whether the ash tray was open before he began to search it. J.A.C.'s theory of innocence was that the driver was the one who had smoked marijuana. While it creates an unlikely scenario, as the state points out, to suggest that the driver would have reached across J.A.C. to deposit the cigar in the passenger door ash tray, the driver could have been smoking just before J.A.C. entered the car, or even while J.A.C. was in the car, and tossed the remains out the window. In neither case would J.A.C. necessarily have had knowledge of the contraband in the ash tray and dominion over it. Accordingly, since the evidence presented was not inconsistent with J.A.C.'s theory of innocence, the court erred in denying the motion for judgment of acquittal.
REVERSED.
ORFINGER, R.B., J., concurs.
SAWAYA, J., dissents, without opinion.