On Rehearing Denied

PER CURIAM.
Julio Jose Jorge appeals his conviction for trafficking in cocaine, contending that the evidence was legally insufficient. We affirm.
Police officers conducted a consent search of an automobile owned and driven by defendant-appellant Jorge. No one else was in the car. Within arm’s reach was an opaque grocery bag. Inside the bag was a clear bag containing cocaine. The detective testified that there was a strong odor emanating from the bag which he knew from experience to be the smell of cocaine. After the defendant was taken into custody he made a spontaneous statement to the detective that there were three packages and he took one to help out his family.
The defendant points to testimony by one of the police officers indicating that at some point prior to the traffic stop, the defendant had been driving another vehicle, and another person had been driving the defendant’s vehicle. Thereafter, the drivers changed places, and the defendant returned to his own vehicle. The defendant argues that the contraband could have been left in his car by the other individual, and that the evidence was insufficient to establish the defendant’s knowledge of the presence of the contraband.
We reject the defendant’s argument and conclude that the evidence was legally sufficient. The evidence was that the contraband was within arm’s reach; there was a noticeable odor emanating from the bag; and the defendant made an inculpatory spontaneous statement at the police station. Plainly the ease was properly sent to the jury. See Lynch v. State, 293 So.2d 44, 45-46 (Fla.1974); Garcia v. State, 854 So.2d 758, 762-64 (Fla. 2d DCA 2003).
The defendant takes the view that only circumstantial evidence supported defendant’s knowledge that cocaine was in the bag, but that is not so. At a minimum the defendant’s inculpatory statement is direct, not circumstantial, evidence establishing guilty knowledge.
The defendant relies on Williams v. State, 724 So.2d 1214 (Fla. 4th DCA 1998), but that case is clearly not on point. The question there was possession of a firearm which was equally accessible to two, if not three, car passengers and no other evidence connected any occupant to the gun. That is not the situation here.
Affirmed.