SAWAYA, C.J.
J.J.N., a minor, was charged with possession of cannabis. The trial resulted in a withheld adjudication of delinquency and a sentence of probation, forty hours of community service and a suspension of his driving privilege. J.J.N. appeals, claiming that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove that he had constructive possession of the cannabis. We agree and reverse.
J.J.N. and two other boys were standing in a group at a city bus stop. A school resource officer observed the three boys and saw one of them throw a cigarette to the ground and extinguish it with his foot. The officer confronted the three boys and asked J.J.N. if he could search his person. The officer found cigarettes in JJ.N.’s pocket and an extinguished cigarette on the ground near his foot. The officer also noticed a baggie on the ground near JJ.N.’s foot, which the officer suspected contained cannabis. A subsequent test of the substance in the baggie confirmed the officer’s suspicion. Although he denied that the suspected cannabis belonged to him, J.J.N. was taken into custody and transported to a location referred to as the “Ninth Grade Center.” J.J.N. testified that he and the officer were alone in a room at the Center and that the officer coerced J.J.N. into admitting that the cannabis was his.
During the trial, J.J.N. argued that his admission should be suppressed because he was not provided a Miranda warning at the time he was questioned and because the officer coerced him into making the admission. The trial court agreed and ruled that the admission would not be considered. After the State presented its evidence, J.J.N. requested that the trial court grant him a judgment of acquittal on the basis that the State failed to prove the element of possession. The trial court denied the request and hence this appeal.
In order to determine whether the trial court erred when it denied J.J.N.’s request for a directed verdict, we must apply the de novo standard of review. Johnston v. State, 863 So.2d 271 (Fla.2003), cert. denied, —U.S. -, 124 S.Ct. 1676, 158 L.Ed.2d 372 (2004); Pagan v. State, 830 So.2d 792 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003); Sutton v. State, 834 So.2d 332 (Fla. 5th DCA 2003). We should refrain from reversing this conviction if it is supported by competent substantial evidence. Johnston; Pagan; Sutton. Sufficient evidence to sustain a conviction exists if, after viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt. Johnston; Pagan; Sutton.
“A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.” Orme v. State, 677 So.2d 258, 262 (Fla.1996) (quoting State v. Law, 559 So.2d 187 (Fla.1989)), cert. denied, 519 U.S. 1079, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997). Although the state is not required to “ ‘rebut conclusively, every possible variation of events’ which could be inferred from the evidence,” it does have the burden to produce competent evidence that is inconsistent with the theory of events advanced by the defendant. Darling v. State, 808 So.2d 145, 156 (Fla.2002) (quoting Law, 559 So.2d at 189). Therefore, in cases where the evidence is entirely circumstantial, “not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant’s reasonable hypothesis of inno- *809 eence.” Pagan, 880 So.2d at 803 (citation omitted).
In order to convict an individual of the offense of possession of cannabis, the state must prove that the defendant had actual or constructive possession of the contraband. See § 893.13(6)(a), Fla. Stat. (2002) (“It is unlawful for any person to be in actual or constructive possession of a controlled substance.... ”)• In the instant case, the defendant was not found in actual possession of the cannabis. Therefore, the State must show constructive possession of it in order to secure a conviction. See Davis v. State, 761 So.2d 1154, 1158 (Fla. 2d DCA 2000) (“Because the State’s evidence of actual possession ■ created nothing more.than a strong suspicion of Mr. Davis’s guilt, the State was forced to rely on a theory of constructive possession.”); State v. Wallace, 734 So.2d 1126 (Fla. 3d DCA 1999); see also Earle v. State, 745 So.2d 1087, 1088 (Fla. 4th DCA 1999) (“Where, as in this case, a defendant is not in actual possession of cocaine, the state must establish constructive possession.”). Cases of constructive possession of drugs are typically considered circumstantial evidence cases. See E.H.A. v. State, 760 So.2d 1117 (Fla. 4th DCA 2000); Wallace, 734 So.2d at 1129 (“Since the appellee was. not found to be in actual possession of the narcotics, the state had the burden of circumstantially establishing his constructive possession of the drugs.”); Isaac v. State, 730 So.2d 757 (Fla. 2d DCA 1999); Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995). The instant case is no exception.[1]
In order to prove, constructive possession, the State must prove that the accused had dominion and control over the contraband, that he had knowledge that the contraband was in his presence, and that he had knowledge of the illicit nature of the contraband.[2] Brown v. State, 428 So.2d 250 (Fla.1983); Sierra v. State, 746 So.2d 1250 (Fla. 5th DCA 1999); Jordan v. State,, 548 So.2d 737 (Fla. ,4th DCA 1989); Corson v. State, 527 So.2d 928 (Fla. 5th DCA 1988). “Where the premises on which the contraband is found is not in the exclusive possession of a defendant, knowledge of the presence of the contraband on the premises and the accused’s ability to maintain control over it will not be inferred, but *810 must be established by independent proof. Sierra. Mere proximity to contraband is not sufficient to establish constructive possession. Davis; Sierra; Dupree v. State, 705 So.2d 90 (Fla. 4th DCA 1998).
A case with facts similar to the instant case is King v. State, 817 So.2d 935 (Fla. 5th DCA 2002), wherein the defendant was arrested after a plastic baggie was located near his feet in the parking lot of an apartment complex. We held that the evidence was insufficient to demonstrate that King had dominion and control over the contraband or had knowledge of its presence. Specifically, we noted that no fingerprints were found on the baggy located near his feet, no drugs were discovered on his person, and no one saw King discard the bag. Like King, in the instant case, no one saw J.J.N. discard the baggie that was found near his feet and there is nothing in the record to indicate that his fingerprints were on it. We also noted that, as in the instant case, the cannabis was found in a public place when King was arrested and that more than mere proximity to the defendant must be shown to sustain a conviction.
Another notable case from this court is J.A.C. v. State, 816 So.2d 1228 (Fla. 5th DCA 2002), wherein a vehicle in which the defendant was a passenger, was stopped for a traffic violation. When the officer approached the vehicle, he observed marijuana smoke billow from the interior of the car as the driver rolled down the window and he smelled burned marijuana on the clothing of the defendant when he exited the vehicle. When the officer searched the car he found a burnt marijuana cigarette in the ashtray next to the passenger seat where the defendant was sitting. This court held that the evidence produced by the state was not inconsistent with the theory of innocence presented by the defendant which was that the burnt marijuana cigarette belonged to the driver and he did not know it was in the ashtray. This court reversed the defendant’s conviction for possession of marijuana. With facts far less egregious in the instant case, we can do no less.
We conclude that the State has failed to present evidence from which the trier of fact could exclude every reasonable hypothesis except that of guilt and has failed to meet its burden to produce competent evidence that is inconsistent with the theory of events advanced by J.J.N., which is that the cannabis was not his. Even if we did not apply the circumstantial evidence standard, we would hold that after viewing the evidence in the light most favorable to the State, a rational trier of fact could not find the existence of the elements of the crime of possession of cannabis beyond a reasonable doubt.
REVERSED.
GRIFFIN and MONACO, JJ, concur.

. We note that J.J.N. made an admission at the Center and that evidence of an inculpato-ry statement is direct, not circumstantial, evidence. See Jorge v. State, 861 So.2d 1279, 1280 (Fla. 3d DCA 2003). We also note that where both direct and circumstantial evidence are admitted to prove guilt, the circumstantial evidence standard does not apply. But the trial court held that the statement was inadmissible and would not be considered. Therefore, without the inculpatory statement, the circumstantial evidence standard remains applicable to the instant case.

. The Legislature enacted section 893.101, Florida Statutes (2002), to eliminate the element of knowledge of the illicit nature of the drugs for offenses charged under Chapter 893. The statute provides in pertinent part that "knowledge of the illicit nature of a controlled substance is not an element” of drug offenses, but lack of such knowledge "is an affirmative defense.” § 893.101(2), Fla. Stat. (2002). Because the offense in the instant case occurred on March 14, 2002, and the statute became effective on May 13, 2002, the statute is inapplicable. See Ch.2002-258, § 1, at 1848, Laws of Fla. We come to this conclusion based on numerous decisions that hold the statute may not be applied retroactively. See Jones v. State, 857 So.2d 969 (Fla. 2d DCA 2003); Garcia v. State, 854 So.2d 758 (Fla. 2d DCA 2003); Thomas v. State, 844 So.2d 723, 725 (Fla. 5th DCA 2003); 'Blunt v. State, 831 So.2d 770, 772 (Fla. 4th DCA 2002). Hence, for offenses that occur after the effective date of section .893.101, knowledge of the illicit nature of the drugs will not be an element in constructive possession cases. Rather, the defendant who commits a drug offense after May 13, 2002, may only raise lack of knowledge as .an affirmative defense. .