PER CURIAM.
Appellant seeks review of his adjudication of delinquency based upon a determination by the trial court that he had committed what would be the offenses of possession of cocaine and attempted tampering with evidence were he an adult. He contends that the trial court should have granted his motion for judgment of dismissal. We agree.
The charges against appellant were based on circumstantial evidence, and the cocaine possession charge was predicated on the premise that appellant had constructive possession of the cocaine. As to the constructive possession charge, the evidence was insufficient, as a matter of law, to establish that appellant knew of the presence of the cocaine, knew of its illicit nature or had the ability to exercise control over it. See, e.g., C.M. v. State, 818 So.2d 554 (Fla. 2d DCA 2002); Daniels v. State, 111 So.2d 1113 (Fla. 4th DCA 2001); Woods v. State, 765 So.2d 255 (Fla. 2d DCA 2000); E.H. v. State, 579 So.2d 364 (Fla. 4th DCA 1991); Poitier v. State, 525 So.2d 472 (Fla. 5th DCA 1988). As to the tampering charge, the evidence was insufficient, as a matter of law, to establish that appellant attempted to alter, destroy, conceal or remove anything; or that he knew that an investigation was about to take place. See C.K. v. State, 753 So.2d 617 (Fla. 4th DCA 2000).
We reverse the adjudications of delinquency, and remand with directions that the trial court enter judgment dismissing the amended delinquency petition.
REVERSED and REMANDED, with directions.
WEBSTER, VAN NORTWICK and POLSTON, JJ., concur.