928 So.2d 1254 (2006)
Alvin HARGROVE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3625.
District Court of Appeal of Florida, Second District.
May 24, 2006.
*1255 James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Alvin Hargrove appeals his convictions and sentences for resisting an officer with violence, battery on a law enforcement officer, possession of cocaine, and possession of drug paraphernalia. Because the State failed to present sufficient evidence to support Hargrove's convictions for possession of cocaine and possession of drug paraphernalia, we reverse those convictions and the corresponding sentences. Our reversal renders Hargrove's challenge to the jury instructions on these two offenses moot. We affirm without comment Hargrove's convictions and sentences for resisting arrest with violence and battery on a law enforcement officer.
On March 23, 2002, a deputy with the Hendry County Sheriff's Office stopped the car that Hargrove was driving.[1] A passenger was in the front seat, and two passengers were in the rear seat. Hargrove exited the car and spoke with the deputy while the passengers remained in the car. Two other deputies arrived, and one began checking on the passengers and looking into the car. This deputy saw a "smoking crack pipe" on the front floorboard on the driver's side of the car.[2] None of the deputies saw Hargrove in possession of the pipe, and they did not see whether the passengers made any hand movements prior to the discovery of the pipe. The pipe contained residue that tested positive for cocaine.
At trial, Hargrove's theory of defense was that he was not in possession of the pipe and that one of the passengers could have placed it on the floorboard after he exited the car. At the close of the State's *1256 case and again after all of the evidence had been presented, Hargrove moved for a judgment of acquittal as to the possession charges. He argued that other than establishing the location of the pipe and the fact that he had been driving the car, the State did not present any evidence connecting him to the pipe and residue or demonstrating his knowledge of their presence or illicit nature.
Because Hargrove was not in actual possession of the pipe, the State had to establish his constructive possession of the pipe and residue. See Downard v. State, 793 So.2d 83, 84 (Fla. 2d DCA 2001); Skelton v. State, 609 So.2d 716, 716-17 (Fla. 2d DCA 1992). In a constructive possession case, it is the State's burden to "prove beyond a reasonable doubt that the defendant knew of the presence of the illegal items, was able to exercise dominion and control over them, and knew of their illicit nature." K.A.K. v. State, 885 So.2d 405, 407 (Fla. 2d DCA 2004); see also Downard, 793 So.2d at 84-85.[3] When a vehicle is jointly occupied, a defendant's "[m]ere proximity to contraband is insufficient to establish constructive possession." Skelton, 609 So.2d at 717. Knowledge of and ability to control the contraband cannot be inferred solely from the defendant's proximity to the contraband in a jointly-occupied vehicle; rather, the State must present independent proof of the defendant's knowledge and ability to control the contraband. Cruz v. State, 744 So.2d 568, 569 (Fla. 2d DCA 1999); E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996).
Here, the State's sole proof of Hargrove's constructive possession was the pipe's proximity to the seat that he had been occupying in the car. Even if we accept the State's view of the evidence and its argument that Hargrove's knowledge of the contraband should be inferred because the pipe was emanating smoke when the deputy found it, there was no evidence that Hargrove was able to exercise dominion and control over the pipe.
Because the State did not present sufficient evidence to establish Hargrove's constructive possession of the pipe and residue, the trial court erred by not granting his motion for a judgment of acquittal as to the possession charges. Therefore, we reverse Hargrove's convictions and sentences for possession of cocaine and possession of drug paraphernalia. We affirm his convictions for resisting an officer with violence and battery on a law enforcement officer.
Affirmed in part and reversed in part.
WHATLEY and LaROSE, JJ., Concur.
NOTES
[1] Hargrove does not challenge the validity of the stop or the discovery of the cocaine and drug paraphernalia.
[2] The parties disagree as to whether the descriptive phrase "smoking crack pipe" should be interpreted as meaning that smoke was emanating from the pipe or that the pipe was simply one used for smoking crack cocaine. The testimony at trial provides no additional insight.
[3] Since the enactment of section 893.101, Florida Statutes (2002), which became effective May 13, 2002, a defendant's knowledge of the illicit nature of the contraband is no longer required to establish a defendant's constructive possession of contraband. See ch. 02-258, § 1, at 1848, Laws of Fla. Rather, a defendant may assert his lack of knowledge of the illicit nature of contraband as an affirmative defense. § 893.101(2). Here, the incident occurred prior to the effective date of the statute.