984 So.2d 622 (2008)
Derrick JILES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-489.
District Court of Appeal of Florida, Second District.
June 18, 2008.
James Marion Moorman, Public Defender, and Isaac R. Ruiz-Carus, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Derrick Jiles appeals his judgment for possession of marijuana. Jiles contends that the circuit court erred in denying his Florida Rule of Criminal Procedure 3.380(a) motion for judgment of acquittal, which was based on a claim that the evidence was insufficient to establish constructive possession by Jiles. For the reasons we explain, we affirm.
The evidence at trial established that the marijuana was located in openings in the driver's door of a vehicle being driven by Jiles. The evidence also showed that Jiles was the owner of the vehicle and that a passenger was in the vehicle with Jiles. According to the testimony of the officer *623 who discovered the drugs, when the officer opened the driver's door, the marijuana was visible in two baggies located in the openings in the door.
In our de novo review of the circuit court's ruling on the motion for judgment of acquittal, the jury's determination that the evidence was sufficient can be overturned only if no "rational trier of fact" when "viewing the evidence in the light most favorable to the State . . . could find the existence of the elements of the crime beyond a reasonable doubt." Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
To prove constructive possession of contraband, the state must "show beyond a reasonable doubt that [1] the defendant knew of the presence of the contraband and [2] that he had the ability to exercise dominion and control over it." Wagner v. State, 950 So.2d 511, 512 (Fla. 2d DCA 2007). Here, Jiles's only properly presented argument is directed solely at the knowledge element of constructive possession. We will not consider an argument regarding dominion and control which was presented by Jiles for the first time in his reply brief. See Plichta v. Plichta, 899 So.2d 1283, 1287 (Fla. 2d DCA 2005).
Although an inference that a defendant knew of the presence of contraband does not arise from the defendant's "[m]ere proximity to [the] contraband," Pena v. State, 465 So.2d 1386, 1388 (Fla. 2d DCA 1985), the location of contraband in plain view of the defendant is sufficient to establish the knowledge element of constructive possession, see Brown v. State, 428 So.2d 250, 252 (Fla.1983); see also Martoral v. State, 946 So.2d 1240, 1243 (Fla. 4th DCA 2007) (holding that knowledge element was established where "marijuana was in a compartment in the dash in plain view" of the defendant who was the driver of the truck). Here, the plainly visible presence of the marijuana in the vehicle door beside Jiles was sufficient to establish that Jiles knew of the presence of the marijuana. This is not a case in which the drugs were concealed within a container. See J.M. v. State, 839 So.2d 832, 835 (Fla. 4th DCA 2003).
Jiles relies principally on Hargrove v. State, 928 So.2d 1254 (Fla. 2d DCA 2006), and Cruz v. State, 744 So.2d 568 (Fla. 2d DCA 1999). Hargrove is inapposite because the court there determined that the evidence was insufficient to support the dominion and control element of constructive possession. 928 So.2d at 1256. Hargrove thus provides no guidance on the issue of knowledge. We are also not persuaded that Cruz supports Jiles's position. Although Cruz might be read to suggest that the presence of contraband in plain view of a defendant is insufficient to establish the knowledge element of constructive possession, we conclude that such a reading is unwarranted. It is by no means clear from the brief analysis in Cruz that the court's ruling turned on the absence of sufficient proof of the knowledge element. We note that the sole authority cited in Cruz, 744 So.2d at 569, was E.A.M. v. State, 684 So.2d 283 (Fla. 2d DCA 1996), a case in which the dominion and control element was decisive. Particularly in light of Brown, we decline to adopt a reading of Cruz that would support Jiles's argument.
Because the evidence supported the conclusion that the marijuana was in plain view of Jiles, we reject Jiles's argument that the evidence was insufficient to establish the knowledge element of constructive possession. Jiles's judgment is therefore affirmed.
Affirmed.
WHATLEY and SALCINES, JJ., Concur.