990 So.2d 1206 (2008)
Johnda CULVER, a/k/a Johnda Ann Culver, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-656.
District Court of Appeal of Florida, Second District.
September 19, 2008.
*1207 James Marion Moorman, Public Defender, and J.C. Hill, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Johnda Culver challenges her judgments and sentences for trafficking in cocaine, possession of a controlled substance (oxycodone), possession of drug paraphernalia, and failure of a defendant on bail to appear. Although Ms. Culver raises two issues on appeal, the only issue warranting discussion is her claim that the trial court erred in denying her motion for judgment of acquittal on the charge of trafficking in cocaine, a violation of section 893.135(1)(b)(1)(a), Florida Statutes (2004). We reverse Ms. Culver's judgment and sentence for trafficking in cocaine because the State failed to establish that Ms. Culver possessed a quantity of cocaine sufficient to sustain the trafficking charge. However, we affirm Ms. Culver's judgments and sentences for possession of a controlled substance, possession of drug paraphernalia, and failure of a defendant on bail to appear.

I. FACTS AND PROCEDURAL HISTORY
On June 23, 2005, Sergeant Rick Goff of the Charlotte County Sheriff's Office was conducting surveillance at Ms. Culver's residence in Englewood. Ms. Culver and another woman left the residence, got into Ms. Culver's car, and drove north on Interstate 75. Sergeant Goff followed Ms. Culver and saw her drive to a motel parking lot in Sarasota, park near another vehicle, and complete what appeared to be a drug transaction. In particular, Sergeant Goff watched while Ms. Culver left her car and approached the driver of another vehicle. Ms. Culver gave the driver money and received in exchange a clear plastic bag containing a white powdery substance. Once the exchange was completed, Ms. Culver returned to her car and drove north again.
After Ms. Culver entered Manatee County, Sergeant Goff lost sight of her vehicle. However, Sergeant Goff spotted Ms. Culver's vehicle about twenty to twenty-five minutes later. At that point, Ms. Culver and her passenger were traveling south toward Sarasota County. Sergeant Goff had already noticed that Ms. Culver's car had an invalid license tag. He radioed the pertinent information to his headquarters, and arrangements were made for a Sarasota County sheriff's deputy to stop Ms. Culver.
A Sarasota County sheriff's deputy subsequently initiated a traffic stop of Ms. Culver for the invalid license tag. The deputy approached the passenger window, spoke with Ms. Culver, and asked her to step out of the vehicle. The passenger remained in the vehicle. Notably, the passenger kept moving around inside the car. After Ms. Culver was out of her car, a Florida Highway Patrol K-9 officer arrived. The deputy asked the K-9 officer to watch the passenger because he was concerned about her movements. Eventually, the K-9 officer asked the passenger to step out of the vehicle because she continued to move around inside the car.
After Ms. Culver and her passenger were both out of the vehicle, the K-9 officer's drug-sniffing dog alerted to the presence of contraband inside the vehicle. The K-9 officer searched the vehicle and found a brown paper bag behind the passenger seat. Inside the brown paper bag was a baggie that contained 33.45 grams of crack cocaine. The baggie containing the *1208 crack cocaine was not tested for fingerprints. The search of Ms. Culver's vehicle also revealed pills inside a purse that was left in the car, a glass pipe, and a plastic bag containing a white powder that was identified as a cutting agent.
The K-9 officer informed the deputy that he had found drugs inside the car, and the deputy placed Ms. Culver under arrest. After she had been arrested, Ms. Culver reached into her clothing, pulled out two baggies containing powder cocaine, and handed the baggies to the deputy. The two baggies contained a total of 26.64 grams of cocaine.
Ms. Culver entered no contest pleas to the charges of possession of a controlled substance, possession of drug paraphernalia, and failure of a defendant on bail to appear. At her trial on the charge of trafficking in cocaine, Ms. Culver conceded that she was guilty of the lesser included offense of possession of cocaine based on her actual possession of the powder cocaine that she carried on her person when she was arrested. The State acknowledged that the weight of the cocaine that Ms. Culver had on her person was less than the twenty-eight grams necessary to sustain the trafficking charge. See § 893.135(1)(b)(1)(a). However, the State argued that Ms. Culver was also in constructive possession of the 33.45 grams of crack cocaine that the K-9 officer found behind the passenger seat in Ms. Culver's vehicle. The weight of the crack cocaine in the vehicle was sufficient to sustain the trafficking charge.
Ms. Culver moved for a judgment of acquittal on the trafficking charge. She argued that the State had not established that she was in possession of the crack cocaine found in her vehicle. In support of her position, Ms. Culver noted the lack of evidence showing that she had knowledge of the presence of the crack cocaine or had dominion and control over it. The trial court denied the motion for judgment of acquittal based on the fact that Ms. Culver was in actual possession of another quantity of cocaine when she was arrested. The trial court reasoned that under Earle v. State, 745 So.2d 1087 (Fla. 4th DCA 1999), Ms. Culver's actual possession of the powder cocaine was sufficient to demonstrate her constructive possession of the crack cocaine in the vehicle. The trial court submitted the trafficking offense to the jury, and the jury found Ms. Culver guilty as charged. The trial court adjudged Ms. Culver guilty of trafficking in cocaine and sentenced her to a term of four years in prison for that offense plus $52,893 in fines and costs. The four-year prison sentence was subject to a three-year mandatory minimum term in accordance with section 893.135(1).

II. PRELIMINARY CONSIDERATIONS
To prove the charge of trafficking in cocaine, the State was required to establish that Ms. Culver "knowingly" was "in actual or constructive possession of[ ] 28 grams or more of cocaine." § 893.135(1)(b)(1); see Snell v. State, 939 So.2d 1175, 1179 (Fla. 4th DCA 2006). Because Ms. Culver was not in actual possession of the crack cocaine, the State also had to prove her constructive possession of the brown paper bag that was found behind the passenger seat of her vehicle. See Watson v. State, 961 So.2d 1116, 1117 (Fla. 2d DCA 2007); Hargrove v. State, 928 So.2d 1254, 1256 (Fla. 2d DCA 2006). To prove constructive possession, the State had to show beyond a reasonable doubt that Ms. Culver knew of the presence of the brown paper bag and was able to exercise dominion and control over it. See Watson, 961 So.2d at 1117; Hargrove, 928 So.2d at 1256. Ms. Culver had been traveling *1209 in a jointly occupied vehicle; therefore, the elements of knowledge and control could not be inferred from her mere proximity to the brown paper bag. Instead, the State was required to establish these elements through independent proof. See Watson, 961 So.2d at 1117; Hargrove, 928 So.2d at 1256. Such independent proof might have consisted of evidence that Ms. Culver had actual knowledge of the presence of the contraband and the ability to control it or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer Ms. Culver's knowledge and control. See Watson, 961 So.2d at 1117-18; Wagner v. State, 950 So.2d 511, 513 (Fla. 2d DCA 2007).

III. DISCUSSION
The trial court relied primarily on the Earle decision in deciding to deny Ms. Culver's motion for judgment of acquittal. In the trial court's view, Ms. Culver's actual possession of the powder cocaine that she handed to the deputy upon her arrest was sufficient under Earle to prove her constructive possession of the crack cocaine in her car. To be sure, the Earle court did mention the actual possession of illegal drugs as one of several circumstances that might be probative of constructive possession. 745 So.2d at 1090-91. However, Earle does not hold that the defendant's actual possession of a quantity of illegal drugs is sufficientby itselfto demonstrate constructive possession where other drugs are found concealed in a vehicle occupied by two or more persons. In addition, the facts in Earle are distinguishable. Unlike Ms. Culver's case, Earle did not involve a situation where contraband was found after one person had been required to step outside the vehicle while another occupant of the vehicle remained inside.
In support of her argument on this point, Ms. Culver relies primarily on this court's decision in Hargrove. We agree that Hargrove supports the reversal of the trafficking conviction. In Hargrove, a driver had been charged with possession of cocaine and possession of drug paraphernalia found inside his car. 928 So.2d at 1255. After a sheriff's deputy stopped the car, the driver left the car and spoke with the deputy. Id. Three passengersone in the front seat and two in the rear seat remained in the car. Id. While the driver spoke with the deputy who had made the stop, two other deputies arrived. Id. One of the other deputies saw contraband on the driver's side of the car's front floorboard. Id. The three deputies did not see the driver in possession of the contraband and "they did not see whether the passengers made any hand movements prior to the discovery of the [contraband]." Id.
At trial, the driver's theory of defense was that one of the passengers could have placed the contraband on the floorboard after the driver had stepped out of the car. Id. The driver moved for a judgment of acquittal, but the trial court denied the motion. Id. at 1256. We held that the trial court had erred in denying the motion because the State had not presented evidence that the driver was able to exercise dominion and control over the contraband. Id.
The theory of Ms. Culver's defense was similar to the defense raised in Hargrove. Ms. Culver pointed out that her passenger could have put the brown paper bag behind the passenger seat after Ms. Culver had left the car. Indeed, both the deputy who made the stop and the K-9 officer who was assigned to watch the passenger expressed concern about the passenger's continuing movements inside the vehicle after the stop. We note that the State did not present any fingerprint evidence, admissions, *1210 eyewitness testimony, or other evidence tending to establish that Ms. Culver had dominion and control over the brown paper bag or the plastic baggie hidden inside it. For example, the State did not present evidence showing that the law enforcement officers saw Ms. Culver in possession of the brown paper bag, that the brown paper bag was already behind the passenger seat when Ms. Culver left the vehicle, or that the brown paper bag was found inside or in close proximity to Ms. Culver's personal property.
In response to Ms. Culver's argument, the State points to the following evidence as being sufficient to establish that Ms. Culver was in constructive possession of the crack cocaine inside the brown paper bag: (1) she had very recently participated in a drug transaction, (2) she was in actual possession of a quantity of cocaine when she was arrested, and (3) she was driving a car that contained a cutting agent. We agree that this evidence might support an inference that Ms. Culver knew about the crack cocaine. Nevertheless, it did not establish that she was able to exercise dominion and control over the brown paper bag. Because the State failed to present any evidence that linked Ms. Culver to the crack cocaine other than her mere proximity to it, the trial court erred in denying her motion for judgment of acquittal on the trafficking charge. See Hargrove, 928 So.2d at 1256.

IV. CONCLUSION
Accordingly, we reverse Ms. Culver's judgment and sentence for trafficking in cocaine. On remand, the trial court shall adjudge Ms. Culver to be guilty of the lesser included offense of possession of cocaine, section 893.13(6)(a), and sentence her for that offense. See § 924.34, Fla. Stat. (2004); Ross v. State, 528 So.2d 1237, 1241 (Fla. 3d DCA 1988). In all other respects, we affirm the judgments and sentences imposed on Ms. Culver.
Affirmed in part, reversed in part, and remanded with instructions.
CASANUEVA and LaROSE, JJ., Concur.