SILBERMAN, Judge.
Shawn Michael Smith seeks review of his judgment and sentence for possession of a controlled substance and possession of paraphernalia. Smith argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to present sufficient evidence to establish his constructive possession of the controlled substance and paraphernalia. Smith also raises a challenge to the constitutionality of section 893.13, Florida Statutes (2010). We affirm in part and reverse in part.
The evidence presented at trial established that an officer conducted a traffic stop of a truck Smith was driving based on an expired tag. Smith was accompanied by a female passenger who was riding in the front seat. The officer approached the vehicle, explained the reason for the stop, and asked for Smith’s license and registration. Smith appeared nervous and began fumbling behind the visor that was located above his seat. The officer removed Smith and the passenger from the vehicle and placed Smith under arrest.[1]
The officer then conducted an inventory search of Smith’s truck, which was littered with trash, and found contraband in three locations. The officer found a round blue pill on the driver’s side floorboard between the seat and the gas pedal. He found a second round blue pill on the floorboard of the center console. The pills were tested and identified as oxycodone, a controlled substance. And the officer found an eyeglass case containing syringes and a residue-covered spoon behind the driver’s visor. The residue was not tested or identified.
This court reviews the denial of Smith’s motion for judgment of acquittal de novo while viewing the facts in the light most favorable to the State. See Gizaw v. State, 71 So.3d 214, 217 (Fla. 2d DCA 2011). Because Smith was not in actual possession of the controlled substance or paraphernalia, the State was required to prove his constructive possession of these items.[2] And to establish constructive pos *658 session, the State was required to prove that Smith had knowledge of the contraband and dominion and control over it. Id.
If the area where the contraband was found was in Smith’s exclusive possession, then we could infer knowledge and control. See id. In this case, however, Smith was traveling with a female passenger. Thus, knowledge and control over the areas accessible to the passenger cannot be inferred but must be proven by independent proof. Mere proximity to the contraband is insufficient in itself to meet this burden. Id. at 218.
Smith’s repeated fumbling with the items behind the visor and his nervous appearance provide independent proof of Smith’s knowledge and control over the paraphernalia. See Meme v. State, 72 So.3d 254, 256-57 (Fla. 4th DCA 2011) (holding that, whether considered as an actual or constructive possession case, the State presented sufficient evidence of the defendant’s possession of cocaine in a jointly-occupied vehicle because it was found in a container under the front seat where the defendant, who was acting nervous, had been reaching prior to the stop). Accordingly, the State established Smith’s constructive possession of the paraphernalia, and we affirm that conviction.
 As for the oxycodone pills, the fact that the pills were in plain view on the floor of the vehicle near Smith’s feet, even among the litter in the vehicle, established Smith’s knowledge. See Jiles v. State, 984 So.2d 622, 628 (Fla. 2d DCA 2008) (“[T]he location of contraband in plain view of the defendant is sufficient to establish the knowledge element of constructive possession.”). However, the concept of dominion and control is separate from that of knowledge. Martoral v. State, 946 So.2d 1240, 1248 (Fla. 4th DCA 2007). And it requires “more than the mere ability of the defendant to reach out and touch the item of contraband.” Id.
The only evidence suggestive of Smith’s dominion and control over the oxycodone pills was his nervousness upon being stopped. However, nervousness itself does not provide legally sufficient evidence of dominion or control because it could be attributed to the fact that Smith’s vehicle had been stopped or that he was in possession of the paraphernalia. See Hill v. State, 736 So.2d 133, 134 (Fla. 1st DCA 1999). Accordingly, there was insufficient evidence to sustain Smith’s conviction for possession of a controlled substance. See Hargrove v. State, 928 So.2d 1254, 1256 (Fla. 2d DCA 2006) (holding that the State did not prove the driver’s constructive possession of a pipe found on the driver’s floorboard of his jointly-occupied vehicle because there was no evidence of dominion and control aside from the driver’s mere proximity to the pipe); Cruz v. State, 744 So.2d 568, 569 (Fla. 2d DCA 1999) (same).
As for Smith’s constitutionality challenge to section 893.13, this argument has been rejected by the supreme court in State v. Adkins, 96 So.3d 412 (Fla.2012), and the Eleventh Circuit Court of Appeals in Shelton v. Secretary, Department of Corrections, 691 F.3d 1348 (11th Cir.2012), cert. denied sub nom, Shelton v. Crews, — U.S. -, 133 S.Ct. 1856, 185 L.Ed.2d 822 (2013). We therefore affirm Smith’s conviction for possession of paraphernalia and reverse Smith’s conviction for possession of a controlled substance.
*659 Affirmed in part, reversed in part, and remanded.
ALTENBERND and LaROSE, JJ., Concur.

. Although not addressed at trial, the record reflects that the officer arrested Smith for driving while license suspended.

. The State does not specifically argue that Smith had actual possession of the paraphernalia though it suggests that the paraphernalia was within Smith’s "zone.” In light of *658 our disposition upholding the paraphernalia conviction, we limit our analysis to constructive possession.