NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                          )
                                           )
            Appellant,                     )
                                           )
v.                                         )          Case No. 2D13-3159
                                           )
DAVID PLATT,                               )
                                           )
            Appellee.                      )
_____)

Opinion filed January 14, 2015.

Appeal from the Circuit Court for Pasco
County; Mary M. Handsel, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender, and
Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellee.

VILLANTI, Judge.

         The State appeals the trial court's order granting defendant David Platt's

renewed motion for judgment of acquittal as to the charge of possession of burglary

tools notwithstanding the jury's finding of guilt.  Because the jury could have lawfully

reached the conclusion that Platt was guilty of possession of burglary tools even though he was not guilty of burglary, we reverse.

Police found and arrested Platt inside an empty house after receiving a call reporting the presence of a suspicious person. At the time of his arrest, Platt had wire snips, a screwdriver, a crescent wrench, a socket wrench, and a utility knife with him. Platt was arrested and charged with both burglary and possession of burglary tools. At trial, there was conflicting testimony concerning the condition of the back door; one witness testified it was "unsecured" and "slightly off the hinges," another testified that it was completely off its hinges and set to the side, and a third testified that it looked as if it had been kicked in. The jury ultimately found Platt guilty of trespassing as a lesser included offense to the burglary charge and of possession of burglary tools as charged. Platt moved for judgment of acquittal on the possession of burglary tools charge, which the court granted. In its reasoning, the court posited that Platt could not be guilty of possessing burglary tools if he had not also been found guilty of committing the burglary.

This court reviews the trial court's grant of a motion for judgment of acquittal under a de novo standard. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). No motion for judgment of acquittal should be granted by the trial court "unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." Darling v. State, 808 So. 2d 145, 155 (Fla. 2002) (quoting Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974)).

Here, Platt was found guilty by the jury of the lesser-included offense of trespassing. Trespassing is specifically included as an offense that will support a

finding of guilt for possession of burglary tools. § 810.06, Fla. Stat. (2012) ("Whoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree . . . ." (emphasis added)). As such, and contrary to the trial court's belief, the jury could have acquitted Platt of burglary and still properly found him guilty of possession of burglary tools. See Keys v. State, 949 So. 2d 1080 (Fla. 2d DCA 2007) (reversing the defendant's conviction for burglary but affirming his conviction for possession of burglary tools). Hence, there was no error of law with the jury's verdict, and the trial court should not have granted the motion for judgment of acquittal on the possession of burglary tools charge.

Perhaps recognizing that no error of law occurred, Platt argues that regardless of its reasoning, the court's ruling on the judgment of acquittal was correct because there was no evidence presented at trial to show that he had actually used or intended to use the tools to get into the house and as such he could not have been convicted for possession of burglary tools. See Calliar v. State, 760 So. 2d 885, 887 (Fla. 1999) (finding that a guilty verdict for possession of burglary tools requires a showing that the defendant used or intended to use the tools to effectuate the burglary or trespass). Alternatively, Platt argues that any such evidence to suggest that he had used the tools to enter the house is purely circumstantial and that thus a conviction on the possession charge would be invalid. See State v. Law, 559 So. 2d 187, 188 (Fla. 1989) ("Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence."). While this court will affirm

a trial court's correct ruling made for the wrong reasons, see Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002), "whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict," there is no error in a verdict of guilt, Law, 559 So. 2d at 188.

In this case, there was evidence to show that Platt had a wide array of tools on him that fall within the ambit of burglary tools, properly defined by the trial court during jury instructions as "tool[s] or implement[s] that [are] intended to use or allowed to be used in the commission of the burglary or the trespass." Further evidence established that Platt had entered an abandoned house and that the door had been tampered with, kicked in, or completely removed from its hinges. Given these facts, the jury could have reasonably concluded that Platt had used or intended to use the tools to effectuate entrance into the house to the exclusion of every reasonable hypothesis of innocence. Cf. Keys, 949 So. 2d at 1083 (affirming a conviction for possession of burglary tools when the defendant was seen lurking around a mobile home, the defendant was carrying deck spikes at the time of his arrest, and the mobile home had pry marks on the back door). Accordingly, the conviction was proper even though the evidence was largely circumstantial.

In conclusion, Platt's conviction for possession of burglary tools under these facts was totally proper despite his acquittal on the burglary count as his conviction for trespass was a sufficient predicate. Reversed and remanded for entry of a judgment and sentence on the possession of burglary tools count.

Reversed and remanded.

MORRIS and SLEET, JJ., Concur.