NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MARCUS FRANKLIN SANDERS, )
DOC# 788118 )
                                        )
            Appellant, )
                                        )
v.                                      )       Case No. 2D15-2360
                                        )
STATE OF FLORIDA, )
                                        )
            Appellee. )
_____)

Opinion filed February 8, 2017.

Appeal from the Circuit Court for Lee
County; Margaret O. Steinbeck, Judge.

Rachael E. Bushey of O'Brien Hatfield,
P.A., Tampa, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn S. Tiffin, Assistant
Attorney General, Tampa, for Appellee.


BLACK, Judge.

            Marcus Sanders challenges his conviction and sentence for trafficking in

over 200 grams of methamphetamine.  Sanders raises several issues on appeal, only

one of which has merit.  Because the State failed to present sufficient evidence to

establish that Sanders was in constructive or actual possession of contraband, the motion for judgment of acquittal should have been granted. Therefore, we reverse.

I. Background

On March 28, 2014, Detective Torres was working with a surveillance team watching a residence that was under suspicion for drug-related activity. Detective Torres observed a man and woman come out of the residence and approach a van parked in the driveway. From her vantage point at least 200 feet from the residence, Detective Torres was only able to determine that the man was white and that he was carrying a bag over his left shoulder. The woman entered the van on the driver's side. The man entered the van through the rear sliding door on the passenger's side; Detective Torres was unable to see if the man sat in the front or rear of the van after entering. As the van pulled away from the residence, Detective Torres communicated to area units what she had observed, including the van's direction of travel.

Detective Tarsia responded and began to follow the van. He noted that the window tint was very dark and that as a result of the dark tint, he could not see any movement within the van. Detective Tarsia initiated a traffic stop due to the dark window tint and upon observing the van fail to stop at a stop sign. As Detective Tarsia approached the driver's side of the van, he observed five people inside: a woman in the driver's seat, a white man in the front passenger's seat, a white man in the back seat on the passenger's side, a child in the middle of the back seat, and a woman in the back seat behind the driver. Detective Tarsia identified Sanders as the white man seated in the back seat on the passenger's side. Detective Tarsia testified that Sanders was acting "unusual" in that he avoided eye contact with the detective. He also observed

two unzipped bags between Sanders' feet that looked like "cooler type bags" or duffle bags.

Detective Tarsia issued the driver two traffic warnings and then asked the driver for consent to search the van. The driver consented to the search, and the occupants were asked to exit the vehicle; the bags remained inside. While conducting the search, Detective Tarsia observed a plastic bottle containing "a lot of substance down at the bottom with some liquid," a hair dryer, liquid Drano, and salt inside one of the bags. Based on Detective Tarsia's training and experience, he believed that the contents of the bag were used in the manufacture of methamphetamine. Detective Tarsia arrested Sanders and searched his person; nothing of evidentiary value was found as a result of the search.

Detective Gonzalez arrived at the scene and took custody of the bag. The substance in the plastic bottle tested positive for the presence of methamphetamine. A sample of the liquid that was seized was submitted to the Florida Department of Law Enforcement (FDLE) for testing, and an FDLE laboratory analyst confirmed that the liquid contained methamphetamine.

At trial, after the State rested its case, Sanders moved for a judgment of acquittal. Sanders argued that the State had failed to establish that he had been in actual or constructive possession of the bag containing methamphetamine. The State argued that Sanders had been in actual possession of the bag because it was within his arm's reach and under his exclusive control. In the alternative, the State asserted that Sanders had been in constructive possession of the bag. The court denied the motion, finding that the State presented a prima facie case of actual possession due to the

location of the bag and Sanders' unusual behavior.  Sanders renewed his motion for judgment of acquittal at the close of the evidence, and it was again denied.  The jury found Sanders guilty as charged.

II.     Discussion

"All possession crimes may be either actual or constructive."  Sundin v. State, 27 So. 3d 675, 676 (Fla. 2d DCA 2009) (citing Chicone v. State, 684 So. 2d 736, 738 n.2 (Fla. 1996)).  "Possession is actual when the contraband is (1) in the defendant's hand or on his person, (2) in a container in the defendant's hand or on his person, or (3) within the defendant's 'ready reach' *and* the contraband is under his control."  Id. (quoting Harris v. State, 954 So. 2d 1260, 1262 (Fla. 5th DCA 2007)).  To establish constructive possession, the State must "prove beyond a reasonable doubt that the defendant knew of the presence of the illegal items [and] was able to exercise dominion and control over them."  Hargrove v. State, 928 So. 2d 1254, 1256 (Fla. 2d DCA 2006) (quoting K.A.K. v. State, 885 So. 2d 405, 407 (Fla. 2d DCA 2004)).  "Under either theory of possession, then, the State must prove that the accused had control of the contraband.  And . . . under either theory the requisite control is not established by an accused's mere proximity to the contraband."  G.G. v. State, 84 So. 3d 1162, 1164 (Fla. 2d DCA 2012) (citation omitted); accord Meme v. State, 72 So. 3d 254, 256 (Fla. 4th DCA 2011).

The State's evidence established only that the contraband was within Sanders' ready reach not that it was under his control.  The State was unable to establish that Sanders was the white man observed carrying a bag into the van.  Additionally, there were two open duffle bags between Sanders' feet, and there was no

evidence establishing that the bag found to contain contraband was the same bag that the man—even had it been Sanders—brought into the van.

In short, the only evidence presented by the State to establish possession was Sanders' close proximity to the bag containing contraband and his "unusual" behavior. This court has repeatedly held that such evidence is insufficient. See Smith v. State, 123 So. 3d 656, 658 (Fla. 2d DCA 2013); Rangel v. State, 110 So. 3d 41, 44 (Fla. 2d DCA 2013); Jiles v. State, 984 So. 2d 622, 623 (Fla. 2d DCA 2008); Hargrove, 928 So. 2d at 1256; Cruz v. State, 744 So. 2d 568, 569 (Fla. 2d DCA 1999); E.A.M. v. State, 684 So. 2d 283, 284 (Fla. 2d DCA 1996); Skelton v. State, 609 So. 2d 716, 717 (Fla. 2d DCA 1992).

Because the State failed to present sufficient proof of possession, the trial court erred in denying Sanders' motion for judgment of acquittal. We therefore reverse Sanders' judgment and sentence and remand for discharge.

Reversed and remanded with directions.

WALLACE and LaROSE, JJ., Concur.