NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DEMETRIUS NUGENT, DOC #Y62721,    )
    )
        Appellant,    )
    )
v.    )
    )    Case No.  2D17-3169
STATE OF FLORIDA,    )
    )
        Appellee.    )
_____)

Opinion filed June 7, 2019.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Thomas Regnier of Thomas Regnier
Appeals, P.A., Sunrise, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Todd Chapman,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

Demetrius Nugent appeals his convictions and sentences for trafficking in

oxycodone, possession of a controlled substance (Alprazolam), and possession of drug

paraphernalia following a jury trial.  Because the State failed to prove Nugent's

constructive possession of any of the contraband, we reverse.

At trial, the State's evidence reflected that on May 31, 2016, the Lee County Sheriff's Office conducted a drug investigation focused on a red Mustang that officers had observed driving back and forth in a residential neighborhood. Detectives followed the Mustang to a convenience store where they observed a passenger exit the Mustang and stand on the store sidewalk. Moments later, Nugent, driving a dark Nissan, arrived and parked in front of the store. The Mustang's passenger entered the Nissan for a few minutes before going into the convenience store. When the passenger exited the store, police observed an unidentified object in his hand as he reentered the passenger side of the Nissan.

A detective followed the Nissan away from the store and conducted a traffic stop after observing the car fail to completely stop at a stop sign. Nugent handed the officer a rental agreement, which reflected that the car had been rented by Nugent's girlfriend. A few minutes later, a K-9 officer arrived and conducted an exterior sniff of the vehicle. The dog alerted to the driver's door.

Both Nugent and the passenger complied with the detective's request to exit the vehicle while two additional detectives conducted a search. During the search, the detectives discovered a white pill bottle labeled oxycodone lying sideways in the bottom of the driver's door pocket beside a half-filled bottle of water. A search of the center console revealed some cash and a man's watch on top of a baggie of white pills. Underneath the watch, cash, and pills was paperwork belonging to Nugent. The detectives also found an envelope addressed to Nugent in the glove compartment. Prior to his arrest, Nugent's girlfriend arrived at the scene and confirmed that she had rented the vehicle.

The detectives testified that they never saw Nugent make any furtive movements or reach toward the center console or driver's door pocket. While they believed that the water bottle belonged to Nugent, they admitted that the only evidence connecting it to Nugent was the fact that it was cold and had condensation on it. Although there was no evidence that the passenger purchased the bottle of water at the store, the detectives suspected that he had given the bottle to Nugent. They admitted that they did not request any video surveillance from the store cameras to confirm what the passenger had purchased because the store employees "were not friendly with law enforcement." Nugent did not make any incriminating statements, and the State did not call the passenger to testify. The State did not produce any fingerprints or any DNA evidence to connect Nugent to either the pill bottle or the baggie of pills. Nor did the State introduce the car rental agreement or call Nugent's girlfriend to testify as to how long and how often Nugent had used the rental car.

After the State rested, Nugent moved for a judgment of acquittal, arguing that the State failed to establish that Nugent was in constructive possession of the pill bottle and baggie of pills and that mere proximity to the drugs was insufficient to establish constructive possession in a jointly occupied vehicle. The State responded that it had proven actual possession of the drugs in the driver's door pocket because they were in plain view beside Nugent's water bottle and within Nugent's ready reach. As to the drugs in the center console, the State argued it had proven constructive possession because the watch, cash, and baggie of pills were in the same compartment with the paperwork belonging to Nugent. The trial court denied the motion for judgment of acquittal. This was error.

This court reviews the denial of a motion for judgment of acquittal de novo, viewing the evidence in the light most favorable to the State. Gizaw v. State, 71 So. 3d 214, 217 (Fla. 2d DCA 2011). The State may prove possession as either actual or constructive. Sanders v. State, 210 So. 3d 246, 248 (Fla. 2d DCA 2017). "Possession is actual when the contraband is (1) in the defendant's hand or on his person, (2) in a container in the defendant's hand or on his person, or (3) within the defendant's 'ready reach' *and* the contraband is under his control." Id. (quoting Sundin v. State, 27 So. 3d 675, 676 (Fla. 2d DCA 2009)). To support a conviction based on a theory of constructive possession, the State must "prove beyond a reasonable doubt (1) that [the defendant] had knowledge of the contraband and (2) that [the defendant] had the ability to exercise dominion and control over the contraband." Tucker v. State, 198 So. 3d 1011, 1014 (Fla. 2d DCA 2016). "Under either theory of possession . . . the State must prove that the accused had control of the contraband. And . . . under either theory the requisite control is not established by an accused's mere proximity to the contraband." Sanders, 210 So. 3d at 248 (quoting G.G. v. State, 84 So. 3d 1162, 1164 (Fla. 2d DCA 2012)). Here, the State proceeded on a theory of constructive possession; however, it failed to prove Nugent had dominion and control of the drugs found in the vehicle or to refute his reasonable hypothesis of innocence.

The State's evidence showed that Nugent was traveling in a jointly occupied rental vehicle and that the drugs were recovered from areas of the vehicle within his "ready reach." Because the rental car was in joint possession rather than Nugent's exclusive possession, knowledge and ability to maintain dominion and control could not be inferred from Nugent's mere proximity to the contraband. See Byers v. State, 17 So. 3d 825, 827 (Fla. 2d DCA 2009) ("[W]hen the premises have not been in

- 4 -

the exclusive possession of the defendant, . . . knowledge and control cannot be inferred unless there are incriminating statements or other circumstances that would support such an inference.").  When knowledge or dominion and control cannot be inferred, the State must prove each element by independent evidence; "[g]enerally, such independent proof can be established by the admission into evidence of a pretrial statement made by the accused, by witness testimony, or by scientific evidence." Bennett v. State, 46 So. 3d 1181, 1184 (Fla. 2d DCA 2010); see also Culver v. State, 990 So. 2d 1206, 1209 (Fla. 2d DCA 2008) ("Such independent proof might have consisted of evidence that [the defendant] had actual knowledge of the presence of the contraband and the ability to control it or evidence of incriminating statements or circumstances, other than simple proximity to the contraband, from which the jury could infer [the defendant]'s knowledge and control."); Jackson v. State, 995 So. 2d 535, 539 (Fla. 2d DCA 2008) ("The surrounding circumstances must support the inference of 'a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession.' " (quoting Reynolds v. State, 111 So. 285, 286 (Fla. 1926))).

In this case, there was no independent proof connecting Nugent to the drugs found in either compartment of the vehicle.  The State did not submit scientific evidence, such as Nugent's fingerprints or DNA on the contraband; eyewitness testimony from the passenger; or inculpatory statements from Nugent.  Even if we accept the State's argument that the pill bottle containing oxycodone—which was found inside the driver's side door pocket—was in plain view, this evidence is only sufficient to prove Nugent's knowledge of the pill bottle, not his dominion and control over it.  See Smith v. State, 123 So. 3d 656, 658 (Fla. 2d DCA 2013) ("[T]he location of contraband

- 5 -

in plain view of the defendant is sufficient to establish the knowledge element of constructive possession." (alteration in original) (quoting Jiles v. State, 984 So. 2d 622, 623 (Fla. 2d DCA 2008))); Martoral v. State, 946 So. 2d 1240, 1243 (Fla. 4th DCA 2007) ("In the case law, the concepts of 'dominion' and 'control' involve more than the mere ability of the defendant to reach out and touch the item of contraband.").

At trial the State relied on the presence of Nugent's personal papers in the center console and the chilled water bottle in the driver's side door pocket to establish his constructive possession of the contraband found in each location. Even if we were to agree with the State's position that it provided sufficient evidence to show that the water bottle actually belonged to Nugent, the presence of some of a defendant's personal items in the same area as contraband merely supports an inference that the defendant had knowledge of and dominion and control over the substance. See Bennett, 46 So. 3d at 1184–85. Because the evidence in this case was entirely circumstantial, the State was required to produce evidence inconsistent with Nugent's reasonable hypothesis of innocence. See Knight v. State, 186 So. 3d 1005, 1009 (Fla. 2016) ("[W]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt[,] a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." (second alteration in original) (quoting Jaramillo v. State, 417 So. 2d 257, 257 (Fla. 1982))). It failed to do so in this case.

Nugent's defense theory at trial was that he or someone else had placed his papers in the console before the contraband was thrown in on top and that he was not aware of the pill bottle in the door when he borrowed the vehicle. This hypothesis was consistent with evidence that the contraband in the console had been placed on top

of the papers along with the watch and the money and evidence that the pill bottle was at least partially concealed by the design of the vehicle door.  None of the State's evidence was inconsistent with the theory that the passenger or another prior occupant placed the items on top of Nugent's personal papers in the console or that the pill bottle was already in the vehicle when Nugent sat down.  See K.A.K. v. State, 885 So. 2d 405, 407 (Fla. 2d DCA 2004) (holding that the State failed to disprove the defendant's reasonable hypothesis of innocence that any of the other occupants of the vehicle could have placed the contraband in the glove compartment when "[n]o evidence or permissible inference presented at the adjudicatory hearing pointed to [the defendant] as the one who put the items there"); see also Williams v. State, 110 So. 3d 59, 61 (Fla. 2d DCA 2013) (reversing conviction for possession when "[a]lthough the car was rented in [the defendant's] name, she was driving it, and her personal belongings were in the car, there was nothing on or in the black bag that tied it or the items inside it to her or anyone else"); Bennett, 46 So. 3d at 1185 (concluding that the State failed to prove dominion and control when drugs were found in a box that also contained the defendant's clothes and a personal letter when the box was in a shared residence); Evans v. State, 32 So. 3d 188, 191 (Fla. 1st DCA 2010) (reversing conviction for possession when the evidence showed that the contraband was recovered from a jointly occupied home in a duffel bag that also contained defendant's passport and explaining that "[t]he presence of [the defendant's] passport in the duffel bag suggests he could have placed the passport there.  Such an inference, however, provides no time frame with regard to when the contraband came to reside in the bag, nor any help as to [the defendant's] present dominion over the contraband").

Because the State failed to provide independent proof that Nugent constructively possessed the contraband discovered in the vehicle or any evidence inconsistent with his reasonable hypothesis of innocence, the trial court erred in denying the motion for judgment of acquittal.  Accordingly, we reverse his convictions and sentences and direct the trial court to discharge him on these three offenses.

Reversed and remanded with directions.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.