NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TIMOTHY LEE DOBBINS, )
                         )
           Appellant, )
                         )
v. )       Case No. 2D18-401
                         )
STATE OF FLORIDA, )
                         )
           Appellee. )
_____ )

Opinion filed July 24, 2019.

Appeal from the Circuit Court for Pinellas
County; Chris Helinger, Judge.

Howard L. Dimmig, II, Public Defender, and
Brett S. Chase, Special Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Katie Salemi Ashby,
Assistant Attorney General, Tampa, for
Appellee.

VILLANTI, Judge.

          Timothy Dobbins appeals his conviction for burglary of a structure causing

damage greater than $1000. Because the evidence in this case was entirely

circumstantial and because the State failed to rebut, by competent substantial evidence,

Dobbins' reasonable hypothesis of innocence, we must reverse.

The evidence presented at trial showed that the structure at issue was a school that had been vacant for two years. The school's property manager testified he was notified on November 25, 2014, that the school's gate was open. Because it was raining, he waited until the following morning to inspect the school. He then discovered that the school had been ransacked and had suffered extensive damage, including the theft of thousands of dollars' worth of computer equipment and large amounts of copper wiring. The property manager testified that he had not seen any damage when he visited the school five days prior. During the ensuing investigation, the police collected a number of cigarette butts that were found in the school's kitchen.

A few weeks later, on December 20, 2014, an officer pulled over a white Ford F-150 truck occupied by Dobbins and one Clinton Ingram because its tags were expired. The detective who searched the truck found bolt cutters, audio/video cables, and a compass from the school in the bed of the truck. Numerous cigarette butts were also found in the vehicle. The State introduced evidence that the truck had been previously registered to Dobbins; however, there was also evidence that Ingram frequently drove the truck and would sell tools from it. Neither Dobbins nor Ingram were arrested for the school burglary at the time of the stop, and the State offered no evidence from the stop to indicate that either Dobbins or Ingram knew the property in the bed of the truck had been stolen from the school several weeks previously.

However, on December 25, 2014, an officer was dispatched to the school after a silent alarm was triggered. The responding officer saw two people running away from the school, one of whom was caught and identified as Ingram. Ingram was subsequently released on bail, failed to appear, and was still at large at the time of

Dobbins' trial. A few months later, a forensic expert determined that DNA from one of the cigarette butts found at the school matched Dobbins' DNA; he was subsequently arrested for the burglary of the school.

After the State rested its case, Dobbins' moved for a judgment of acquittal, arguing that the State's evidence was solely circumstantial and did not contradict his reasonable hypothesis of innocence, i.e., that while the cigarette may have proven his presence at the school at some point in time, it was insufficient to prove that he committed the charged burglary. Furthermore, Dobbins argued that his mere presence near the stolen property did not prove possession. The trial court denied the motion, and the jury convicted Dobbins as charged. Dobbins now appeals his conviction and sentence, contending that the trial court erred by denying his motion for judgment of acquittal.

The denial of a motion for a judgment of acquittal is subject to de novo review. See State v. Platt, 154 So. 3d 1200, 1201 (Fla. 2d DCA 2015) (citing Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002)). "[W]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Knight v. State, 186 So. 3d 1005, 1009 (Fla. 2016) (quoting Jaramillo v. State, 417 So. 2d 257, 257 (Fla. 1982)). Circumstantial evidence that fails to exclude a defendant's reasonable hypothesis of innocence requires an acquittal "no matter how strongly the evidence may suggest guilt." Singleton v. State, 105 So. 3d 542, 544 (Fla. 2d DCA 2012) (quoting State v. Law, 559 So. 2d 187, 188 (Fla. 1989)).

In this appeal, Dobbins relies on this court's opinion in Singleton to support his contention that the State's evidence was legally insufficient to support his conviction. In Singleton, the evidence showed that the day before the burglary at issue, Singleton and his friend were helping someone move. Id. at 543. The person who rented the moving truck had the only key and was due to pick up the truck the next day. The morning after the move, the police received a report that items had been stolen from the house next door. Id. While searching the area, police smelled a tobacco odor emanating from inside the rental truck. When the officer opened the door of the truck, he found the stolen items along with a burning cigar near the rear edge of the truck. Singleton's DNA was later detected on the cigar. Id. The State also presented evidence that Singleton smoked that type of cigar and had been seen in the area earlier that morning walking his dog. Id. at 542-43. The State contended that this evidence was sufficient to support Singleton's convictions for burglary and grand theft, the trial court denied Singleton's motion for judgment of acquittal, and the jury convicted him of these offenses. Id. at 544.

On appeal, this court held that the "State's proof was woefully lacking." Id. at 545. Quoting Professor Ehrhardt's classic example, this court reiterated the difference between direct and circumstantial evidence:

> Direct evidence is evidence which requires only the inference that what the witness said is true to prove a material fact; e.g., "I saw A shoot B" is direct evidence that A shot B. Circumstantial evidence is evidence which involves an additional inference to prove the material fact; e.g., "I saw A flee the scene" is circumstantial evidence of A's guilt and direct evidence of flight.

Id. at 544 (quoting Charles W. Ehrhardt, Florida Evidence § 401.1 (2011 ed.)). And because the only evidence presented by the State to connect Singleton to the burglary and theft was circumstantial, that evidence was legally insufficient to support his convictions. Id. at 545.

In this case, as in Singleton, the DNA evidence presented by the State failed to establish that Dobbins committed the burglary at the school. At most, the DNA on the cigarette established that Dobbins was present at the school sometime around the time a burglary was committed. However, as we held in Singleton, "an accused's mere presence at the scene does not eliminate a reasonable hypothesis that someone other than the accused committed the crime." Id. at 545 (citing Valdez v. State, 504 So. 2d 9, 10 (Fla. 2d DCA 1986) ("Mere knowledge that an offense is being committed is not the same as participation with criminal intent."), and Owen v. State, 432 So. 2d 579, 581 (Fla. 2d DCA 1983) ("[W]hen the state relies on circumstantial evidence, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged.")). Hence, the fact that the DNA on the cigarette could place Dobbins in the school at some point in time was insufficient to establish either that he was there on the date the crime was committed or that he participated in committing it.

The State contends that Singleton does not control the outcome of this case because, in this case, both Dobbins and Ingram were found in possession of property stolen from the school. The State argues that the evidence of possession can support Dobbins' conviction because possession of recently stolen property gives rise to

an inference that the one in possession committed the burglary or theft. See § 812.022(2), Fla. Stat. (2014) (providing that proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen); see also Walker v. State, 896 So. 2d 712, 720 n.5 (Fla. 2005) (applying the inference regarding possession of recently stolen property to a case involving constructive possession). However, this argument is not supported by the record.

"To establish constructive possession, the State must 'prove beyond a reasonable doubt that the defendant knew of the presence of the illegal items [and] was able to exercise dominion and control over them.' " Sanders v. State, 210 So. 3d 246, 248 (Fla. 2d DCA 2017) (alteration in original) (quoting Hargrove v. State, 928 So. 2d 1254, 1256 (Fla. 2d DCA 2006)). "[T]he requisite control is not established by an accused's mere proximity to the contraband." Id. (quoting G.G. v. State, 84 So. 3d 1162, 1164 (Fla. 2d DCA 2012)). And this is particularly true in a jointly occupied vehicle. See K.A.K. v. State, 885 So. 2d 405, 407 (Fla. 2d DCA 2004) (" 'In a case of a jointly-occupied vehicle, knowledge and ability to control the contraband may not be inferred, but must be established by independent proof.' E.A.M. v. State, 684 So. 2d 283, 284 (Fla. 2d DCA 1996). 'This proof must consist either of actual knowledge of the contraband's presence or evidence of incriminating statements and circumstances from which the jury reasonably might infer the accused's actual knowledge of the presence of the contraband.' A.C. v. State, 658 So. 2d 1173, 1174 (Fla. 2d DCA 1995)."). Cf. Meme v. State, 72 So. 3d 254, 256-57 (Fla. 4th DCA 2011) (holding that the State presented sufficient evidence to withstand a motion for judgment of acquittal where an

officer saw the defendant in the jointly occupied vehicle reaching to the place where the contraband was later found).

In this case, the State did not present evidence to prove that Dobbins had constructive possession of any of the school's property. The officer who pulled over Dobbins and Ingram did not testify; thus, it is unknown who was driving the truck or whether the stolen goods were within anyone's ready reach. And although there was testimony that the truck was <u>previously</u> registered to Dobbins, there was also testimony that Ingram frequently used the truck. Thus, there was insufficient evidence to prove that Dobbins knew of the presence of the stolen items in the truck or was able to exercise dominion and control over them. In the absence of such evidence, the State failed to prove that Dobbins had possession—either actual or constructive—of the stolen property so as to support his conviction for burglary.

In summary, the sole cigarette butt found at the school with Dobbins' DNA on it proved, at most, that Dobbins had trespassed at some time in the past. It did not prove that he committed a burglary that caused damage in excess of $1000. Therefore, because the State's evidence was legally insufficient, the trial court erred in denying Dobbins' motion for judgment of acquittal. We therefore reverse Dobbins' judgment and sentence and remand for discharge.

Reversed and remanded with directions.

LUCAS and ROTHSTEIN-YOUAKIM, JJ., Concur.