DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DAVID KEITH THOMPSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1523
_____

July 25, 2025

Appeal from the Circuit Court for Pasco County; Joshua Riba, Judge.

Blair Allen, Public Defender, and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and William C.
Shelhart, Assistant Attorney General, Tampa, for Appellee.


SILBERMAN, Judge.

David Keith Thompson appeals his judgment and sentences after
being convicted of trafficking in methamphetamine, possession of
fentanyl, and possession of drug paraphernalia.  He was sentenced to
five years' imprisonment for the trafficking and fentanyl convictions and
to time served for his possession of paraphernalia conviction.  He argues
on appeal that the trial court improperly denied his motion for judgment

of acquittal because the State proceeded on a constructive possession theory and failed to prove his knowledge and ability to exercise dominion and control over the contraband. We cannot agree. The State's evidence established a prima facie case sufficient to deny the motion for judgment of acquittal. Thus, we affirm.

Thompson was traveling in the front passenger seat of a car stopped by a sergeant with the Pasco County Sheriff's Office. During a canine sniff search of the car, the dog alerted to narcotics. A deputy searched the car and discovered narcotics in multiple areas, including in a black case located on the passenger floorboard at Thompson's feet. That black case contained methamphetamine, fentanyl, a glass pipe, a plastic baggie, and a cut straw. Thompson participated in a post-*Miranda*[1] interview that began with another deputy asking Thompson "about that black case that's between your feet." When confronted with the fact that the case contained "a lot of meth," Thompson confirmed that he just bought "that meth" for approximately $100.

At trial, Thompson moved for a judgment of acquittal arguing that the State failed to prove that he had possession of the black case that contained the narcotics and drug paraphernalia. The court denied the motion after concluding that the State's evidence, including Thompson's statements to the deputy, was sufficient proof of Thompson's constructive possession of the contraband to allow the case to go to the jury.

We review the denial of a motion for judgment of acquittal de novo. *Melton v. State*, 317 So. 3d 292, 297 (Fla. 2d DCA 2021) (citing *Thomas v. State*, 269 So. 3d 681, 683 (Fla. 2d DCA 2019)). "While viewing the evidence in the light most favorable to the State, this court must

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

determine 'whether "a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt." ' " *Id.* (quoting *Bush v. State*, 295 So. 3d 179, 200 (Fla. 2020)).

Possession can be actual or constructive. *Nugent v. State*, 275 So. 3d 721, 723 (Fla. 2d DCA 2019) (citing *Sanders v. State*, 210 So. 3d 246, 248 (Fla. 2d DCA 2017)). Here, the State proceeded under a theory of constructive possession. Constructive possession is established when the State "prove[s] beyond a reasonable doubt (1) that [the defendant] had knowledge of the contraband and (2) that [the defendant] had the ability to exercise dominion and control over the contraband." *Id.* at 723-24 (second and third alterations in original) (quoting *Tucker v. State*, 198 So. 3d 1011, 1014 (Fla. 2d DCA 2016)).

When contraband is discovered in a jointly occupied vehicle, knowledge and the ability to exercise dominion and control of the contraband cannot be inferred based solely on the defendant's proximity to the contraband. *Id.* at 724. Instead, knowledge and ability to maintain control must be established by independent proof. *Wiley v. State*, 296 So. 3d 979, 982 (Fla. 2d DCA 2020). Independent proof of knowledge can be established by evidence demonstrating that the defendant had actual knowledge of the presence of the contraband or by incriminating statements and circumstances other than just the location of the contraband. *Rangel v. State*, 110 So. 3d 41, 44 (Fla. 2d DCA 2013) (citing *Murphy v. State*, 511 So. 2d 397, 399 (Fla. 4th DCA 1987)). As to dominion and control, that is generally a factual issue for a jury. *Byers v. State*, 17 So. 3d 825, 827 (Fla. 2d DCA 2009) (citing *Isaac v. State*, 730 So. 2d 757, 758 (Fla. 2d DCA 1999)). A judgment of acquittal would be proper when the State fails to present evidence from which a jury could

3

infer dominion and control. *Id.* (citing *Isaac*, 730 So. 2d at 758); *see also Rangel*, 110 So. 3d at 45.

Thompson argues that the evidence failed to establish his dominion and control over the black case. However, the cases he relies upon in support of this argument are distinguishable. In each of those cases, the State failed to produce *any* independent evidence connecting the defendant to contraband. *See Rangel*, 110 So. 3d at 44; *Gizaw v. State*, 71 So. 3d 214, 218 (Fla. 2d DCA 2011); *Hargrove v. State*, 928 So. 2d 1254, 1256 (Fla. 2d DCA 2006).

Unlike those cases, after being read *Miranda* rights, a deputy asked Thompson about "that black case that's between your feet." And although Thompson denied selling meth, he confirmed that he just bought "that meth" and told the deputy he thought "that cost like $100." While he denied buying "fenty," he told the deputy that he "had some xylazine earlier, but not in that black case" and that he last smoked "fenty" earlier that day. Further, Thompson said that he uses a straw to smoke narcotics, and a straw was found in the black case. Thompson's post-*Miranda* statements and the circumstances were sufficient to establish independent proof of knowledge and the ability to exercise dominion and control over the contraband.

The trial court did not err by denying Thompson's motion for judgment of acquittal. The State presented sufficient proof to establish Thompson's constructive possession of the contraband to allow the case to go to the jury. Thus, we affirm his judgment and sentences.

Affirmed.

LaROSE and MORRIS, JJ., Concur.

_____

4

Opinion subject to revision prior to official publication.